IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MONTRELL GREENE**                          **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO.:**    4:16-CV-093-GHD-JMV

**GREENWOOD PUBLIC SCHOOL DISTRICT,
AND DEIRDRE MAYES, RANDY CLARK, AND
SAMANTHA MILTON, IN THEIR OFFICIAL
OFFICIAL AND INDIVIDUAL CAPACITIES**       **DEFENDANTS**

## COMPLAINT

COMES NOW the Plaintiff, Montrell Greene, by and through counsel, and files his Complaint against, defendants, Greenwood Public School District ("GPSD") and Deirdre Mayes, Randy Clark and Samantha Milton, in their official and individual capacities, and in support hereof would show unto the Court the following, to-wit:

## INTRODUCTION

1. Plaintiff entered into contract with GPSD as superintendent of schools on April 10, 2013. On January 20, 2015, the Board of Trustees for GPSD voted to extend the contract through June 30, 2018. The contract provides for annual compensation in the amount of $146,000.00.

2. Plaintiff alleges that he performed the duties of superintendent in

1

according with Federal and State laws and the policies implement by the Miss. Department of Education and GPSD until his wrongful, defamatory, demeaning and unlawful termination by the individual defendants on January 4, 2016, while acting in their individual and official capacities as members of the Board of Trustees for GPSD.

3. That on January 5, 2016, Plaintiff received a letter from GPSD's counsel stating that he had been terminated for "cause" on grounds not set forth as a basis for termination in Miss. Code Ann. §37-9-59.

4. Plaintiff seeks declaratory relief and damages from defendants and other unknown persons acting in concert with the individually named defendants to redress the deprivations of his rights resulting from the wrongful termination of his employment as superintendent of GPSD on January 4, 2016, without notice, the opportunity for a hearing or Plaintiff being provided the reasons for such termination despite a specific request to provide reasons for termination in violation of Plaintiff's procedural and substantive due process rights under the 14th Amendment to the United States Constitution, 42 U.S.C. §1983, Art. 3, §14 of the Miss. Constitution, and the common laws of the State of Miss.

5. That Plaintiff was required to seek redress in Chancery Court to obtain information from Defendants pertaining to the reasons for his termination. After a hearing, the Chancery Court of Leflore County ordered defendants to produce

documentations and reasons for the termination. A copy of the order is attached as Exhibit "1". Plaintiff charges and alleges that reasons and documents produced by GPSD and the individually named defendants are a sham and pretext to justify and cover up the true reasons relied upon by defendants and others acting in concert with them to deprive Plaintiff of his protected rights.

6. Plaintiff further alleges that he is entitled to damages against defendants Mayes, Clark and Milton and other potential persons whose identities are unknown to Plaintiff pursuant to 42 U.S.C. for their willful, malicious, intentional violations and deliberate indifference to Plaintiff's known rights. The actions of the individually named defendants constitute deliberate indifference to the known rights of Plaintiff entitling him to compensatory and punitive damages against said defendants in their individual capacities.

7. That Plaintiff has a liberty interest in his good name and reputation and a protected property interest in his contract. That the actions of defendants and, upon information and belief, other unknown persons have deprived Plaintiff of his liberty and property interests without due process of law in violation of the 14th Amendment to the United States Constitution and the due process clause of the Miss. Constitution.

## JURISDICTION

8. That jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28

U.S.C. §1343, the 14th Amendment to the United States Constitution and 42 U.S.C. §1983. Plaintiff further alleges that he is entitled to assert his state claims in this Court pursuant to the pendant jurisdiction of this Court.

## Parties

9. The Plaintiff is an adult resident citizen of Greenwood, Leflore County, MS.

10. Defendant GPSD is a political subdivision of the State of Miss. Defendant was organized pursuant to Art. 8, §201 of the Miss. Constitution to provide public education and related services to the children residing in the municipal corporate limits of Greenwood, MS. GPSD may be served with process by service upon its Superintendent Charles Brooks, at its Central office, 401 Howard Street, Greenwood, MS.

11. That defendant Deirdre Mayes is an adult resident citizen of Greenwood, Leflore County, MS. Defendant Mayes may be served with process at Greenwood Public School District, Central Office, 401 Howard Street, Greenwood, MS 38935.

12. That defendant Randy Clark is an adult resident citizen of Greenwood, Leflore County, MS. Defendant Clark may be served with process at Greenwood Public School District, Central Office, 401 Howard Street, Greenwood, MS 38935.

13. That defendant Samantha Milton is an adult resident citizen of

Greenwood, Leflore County, MS. Defendant Milton may be served with process at Greenwood Public School District, Central Office, 401 Howard Street, Greenwood, MS 38935.

14. Plaintiff further asserts and alleges that he is bringing this action against the individually named defendants herein in their official and personals capacities seeking to impose personal liability upon the individually named defendants for their official actions taken under color of state law. The individually named defendants' intent was to deprive Plaintiff of due process, equal protections, or equal privileges and immunities and there was malice and evil intent behind the individual defendants' actions. Further, Plaintiff reserves the right to amend this complaint to add others who may have acted in concert with the defendants to deprive Plaintiff of his rights.

15. Plaintiff would show that the acts and conduct of the defendants names herein were engaged in with the aim and intent to deprive Plaintiff of his employment and contractual rights without due process of law and other opportunities secured by the laws of the United States in violation of 42 U.S.C. §1983.

16. Plaintiff asserts and alleges that the actions taken against him by the individually named defendants were engaged in with deliberate indifference to the rights of Plaintiff and, as a result thereof, Plaintiff has been subjected to a

deprivation of his liberty and property interests by said defendants without due process of law.

17. Plaintiff asserts and alleges that he has both federal and state constitutional protected liberty interest in his employment and that defendants herein discharged him in a manner that has the purpose, effect and result of creating a false and defamatory impression of him that has stigmatized him and foreclosed him from other employment opportunities of a similar nature. Plaintiff has not been able to find comparable employment due to his termination and resulting injury and damages to his reputation and good name.

18. That Plaintiff asserts and alleges that he has a property interest in his contract and that the termination of said interest was arbitrary and capricious in violation of the due process clauses of the 14th Amendment to the U.S. Constitution and Art. 3, §14 to the Miss. Constitution.

### STATEMENT OF FACTS

19. Plaintiff restates the allegations contained in ¶¶1-18 above and incorporates them herein.

20. That on April 10, 2013, Plaintiff was employed as superintendent of GPSD amidst much public discord by local officials including city and state elected officials, and residents who wanted a local candidate as its superintendent. Plaintiff was awarded a three (3) year contract with a year added to the contract

6

after an evaluation by the Board on February 6, 2014 and January 20, 2015 respectively copies of the contract, and extensions are attached as Exhibits "A", "B" and "C".

21. That on January 20, 2015, Plaintiff received an exceptional performance evaluation and his contract was extended as mentioned above by the Board of Trustees for GPSD despite continued discord and opposition by local officials and members of the public who wished to control the direction of the school district, including but not limited to the Mayor of the City of Greenwood, who, pursuant to the municipal charter of said City is the person solely responsible for nominating school board members for GPSD.

22. That none of the Board members who voted to extend Plaintiff's contract in January, 2015, participated in the decision to terminate him. However, upon information and belief, Defendants Milton and Mayes were part of the discord surrounding GPSD and made it abundantly clear that once the Mayor appointed new members Plaintiff's employment as superintendent would be terminated.

23. That in or about October, 2015, and December, 2015 respectively, the Mayor appointed two (2) new trustees for GPSD, namely Defendant Mayes and Clark. These two (2) newly appointed board members would result in a shift in power that ended with the termination of Plaintiff on January 4, 2016, on a 3-1

vote.

24. That on January 4, 2016, Defendants called a special meeting of the Board of Trustees of GPSD for the sole purpose of terminating Plaintiff's employment and his contract.

25. That, upon information and belief, Defendant Clark had not been sworn in and/or procured a performance bond as required by law before taking action as a board member to terminate Plaintiff. Further, Clark had not attended a single board meeting or engaged in any dialogue with Plaintiff about his performance before he showed up and voted to terminate Plaintiff on January 4, 2016.

26. That Plaintiff was never evaluated nor apprised or any issues with regards to his performance as superintendent by the individually named defendants prior to their decision to call a special meeting on January 4, 2016, for the sole purpose of terminating him as superintendent. Further, Defendants Milton, Mayes and Clark voted to terminate Plaintiff without any knowledge of Plaintiff's performance as superintendent nor had they participated in an evaluation of him and upon, information and belief, the information relied upon by them was obtained from sources outside GPSD prior to the January 4, 2016, meeting. The individually named Defendants acted without any deliberation when they voted to terminate him and cancel his contract on January 4, 2016 or knowledge of the daily operations of GPSD or Plaintiff's job performance. Such action by defendants

8

violated Plaintiff's procedural and substantive due process rights and constitutes deliberate indifference to his rights.

27. That subsequent to the special called meeting on January 4, 2016, on January 5, 2016, Plaintiff was issued a letter through the attorney for GPSD stating as the sole reason for defendants' decision to terminate Plaintiff is "cause." A copy of the letter is attached as Exhibit "D". That "cause" is not a stated ground for termination in Miss. Code Ann. §37-9-59.

28. That Plaintiff was not informed of the reasons and factual basis to support defendants' decision to terminate him on January 4, 2016, even though he was present during the board meeting nor subsequent to the January 4, 2016, meeting other than the claim that he was being discharged for "cause."

29. Further, at the time of his termination Plaintiff had a contract with GPSD for another 30 months with an annual salary of $146,000.00 and a property interest in said contract that precludes its cancellation without due process of law. Yet, Plaintiff was not provided any pre-termination hearing or even an audience with Board members before Defendants' took the extreme and drastic action of terminating him and cancelling his contract.

30. That because GPSD and defendants provided only the vague and/or ambiguous reason of "cause" as the sole ground to terminate Plaintiff's employment and contract, and believing that the true reasons and motivations for

his termination are unrelated to his employment and performance as superintendent. Plaintiff requested that counsel for defendants provided the reason for such termination to no avail. On January 11, 2016, Plaintiff, by and through counsel, requested that the Board of Trustees for GPSD provide the specific reasons for his termination and the factual basis therefor.

31. That Plaintiff would show that despite exposing itself to potential claims for breach of contract, wrongful termination, defamation of character, violation of liberty and property rights and other claims, defendants refused to even allow Plaintiff to appear at the January 4, 2016, board member defend himself before he was terminated. Further, Plaintiff was the superintendent of education with a valid contract yet defendants refused to disclose the reasons for the termination without a subject court order entered on March 17, 2016.

32. Further, unlike other certificated employees, as superintendent, Plaintiff no longer has the right under the Education Employment Procedures Law ("EEPL") 37-9-59 and 37-9-101, *et seq.*, to request a hearing before the Defendants for GPSD where the GPSD and Defendants would be required to provide documentary and other tangible evidence supporting the reasons and with explanations for his termination and facts to support its reasons.

33. That GPSD and the individually named defendants arbitrarily and capriciously violated the terms of its contract with Plaintiff resulting in grievous

10

losses to Plaintiff and the individually named defendants were biased and prejudiced against Plaintiff prior to and during their brief board meeting when they voted on January 4, 2016, to terminate Plaintiff in furtherance of their biasness and prejudice against Plaintiff. The acts and conduct of the individual defendants and others acting in concert with them, and each of them, were motivated with deliberate indifference to Plaintiff's known rights under the Due Process Clause of the 14th Amendment to the United States Constitution.

34. That the actions of the individually named defendants were further violative of Plaintiff's rights under the due process clause of the Miss. Constitution.

## COUNT I

35. That Plaintiff restates and realleges ¶¶1-34 and incorporates them within this Count by reference as if fully copied herein.

36. That at all times herein, Plaintiff had a liberty and property interests in a written employment contract with defendant. The 14th Amendment to the United States Constitution establishes a liberty and/or property interest in employment and contracts and prohibits the termination or violation of the same without due process of law. The individually named defendants violated these known rights by failing to provide Plaintiff a hearing or the opportunity to present a defense before the Board.

37. That GPSD and the individually named defendants, without just cause or good reason therefor, intentionally and maliciously deprived Plaintiff of his liberty and property interests under said contract in violation of the due process clause to the 14th Amendment. The individually named defendants knew that Plaintiff had a federally protected property and liberty interests in his contract yet elected to knowingly and with deliberate indifference violate said rights.

38. That the actions of the individually named defendants occurred while they were acting under color of state law.

39. Pursuant to 42 U.S.C. §1983 the actions of GPSD and individually named defendants entitled Plaintiff to all damages and other relief against them personally and individually.

## COUNT II

40. That Plaintiff restates and reallges ¶¶1-39 and incorporates them within this Count by reference as if fully copied herein.

41. That pursuant to Due Process Clause of the 14th Amendment, Plaintiff has a constitutionally protected liberty interest in his reputation, good name and standing in the community and in the employment market and the right to defend and protect the same against a wrongful discharge by the individually named defendants that stigmatizes, demeans and damages his reputation and good name. The right to the protection of his name and reputation is settled law and known to

the individually named defendants.

42. That Plaintiff would show that he was discharged in a manner the individually defendants knew or should have known would have the purpose, effect and result of stigmatizing him and causing damages to his good name and reputation. Further, GPSD and the individually named defendants willfully, intentionally and maliciously carried out the discharge of Plaintiff in a manner they knew would leave a false and defamatory public impression of him and to foreclose him from similar employment opportunities.

43. That as a result thereof Plaintiff's reputation and good name has been severely damaged entitling him to all damages caused by the stigmatization of his good name and reputation by GPSD and the individually named defendants as provided by 42 U.S.C. §1983.

## COUNT III

44. That Plaintiff restates and realleges ¶¶1-43 and incorporates them within this Count by reference as if fully copied herein.

45. That Miss. Code Art. 3, §14 provides that "no person shall be deprived of life, liberty, or property except by due process of law.

46. That Plaintiff had a liberty interest under Miss. law in his reputation and good name and a right to be free from defendants' falsely causing damages or injury to the same by and through their willful and wanton actions.

47. That the manner of the termination herein and information released to the press have caused damages to Plaintiff's reputation and good name and stigmatized Plaintiff as a trouble maker thereby making it more difficult to obtain other employment.

48. Further, unless this Court immediately intervenes and order the reinstatement of Plaintiff together with back pay, fringe benefits and other relief, it will have the purpose, effect and result of continuing to cause harm to Plaintiff's reputation and good name and the stigmatization of being fired without just cause.

49. That Plaintiff is entitled to all damages proximately caused by defendants' damages to his reputation.

## COUNT IV

50. That Plaintiff restates and realleges ¶¶ 1-49 and incorporates them within this Count by reference as if fully copied herein.

51. That Plaintiff had a valid contract with GPSD at the time of his termination and pursuant to Miss. Const. Art. 3, §14, he has a property interest in said contract and defendants could not terminate or take said property interest without due process of law.

52. That the actions of defendants in terminating said contract was willful, Intentional, deliberately indifferent to Plaintiff's rights and designed to deprive

Plaintiff of his property and has had the purpose, effect and result of depriving Plaintiff of his property without due process of law.

53. That Plaintiff is entitled to all damages caused by the unlawful taking of his property.

## COUNT V

54. Plaintiff restates and realleges ¶¶1-53 above and incorporates them within this Count by reference as if fully copied herein.

55. That Plaintiff would show that he was deprived of the right to unbiased decision-makers before GPSD, and that Federal and State constitutional due process requires that there be fair and impartial decision-makers and that Defendants Mayes, Milton and Clark were not impartial and that their minds were irrevocably made to seek Plaintiff's termination before becoming Board members without extending to Plaintiff the opportunity to know the allegations against him and defend against the same before a fair and impartial tribunal.

56. That as a result of said acts, and the failure to provide Plaintiff a pre-termination hearing, Plaintiff is entitled to any and all relief available to him, including but not limited to compensatory damages and injunctive relief.

## COUNT VI

57. Plaintiff restates and realleges ¶¶1-56 above and incorporates them within this Count by reference as if fully copied herein.

58. That on January 4, 2016, board members for GPSD terminated a valid contract it entered into with Plaintiff without a basis therefor.

59. That the actions of GPSD, the individually named defendants, and upon information and belief, other unknown persons was intentionally designed to breach the contract with Plaintiff and their actions had the purpose, effect and result of breaching Plaintiff's valid contract with GPSD and causing harm to him and his reputation.

60. That as a result Plaintiff is entitled to damages for breach of contract and extra contractual damages for bad faith breach of contract.

## **COUNT VII**

61. That Plaintiff restates and realleges ¶¶ 1-60 above and incorporates them within this Count by reference as if fully copied herein.

62. That the position of superintendent of education carries with it broad based respect in the community in general and education community in particular. When a superintendent is falsely accused and/or terminated as the Plaintiff has been herein it causes and will continue to cause serious, severe and irreparable harm to his reputation, good name and standing in the community. Further, it will stigmatize Plaintiff for the remainder of his career in education.

63. Therefore, Plaintiff requests that this Court order specific performance

of his contract including immediate reinstatement, back pay and other fringe benefits.

## COUNT VII

64. That Plaintiff restates and realleges ¶¶ 1-63 above and incorporates them within this Count by reference as if fully copied herein.

65. That defendants Mayes, Milton and Clark met and conspired together and with others whose identities are unknown to Plaintiff prior to the January 4, 2016, Board meeting for the purpose and intent of acting in concern to violate Plaintiff's rights.

66. That as a result of said conspiracy the rights of Plaintiff were and continued to be violated by the individually named defendants and their unknown persons.

67. That Plaintiff intends to determine the names and identities of the co-conspirators during discovery and add them as party defendants to this action on grounds they interfered with his lawful contract with GPSD and encouraged the individually named defendants to breach Plaintiff's contract.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands trial by jury and judgment of and from the defendants as follows:

A. Find that defendants terminated Plaintiff without good cause as required by Miss. Code Ann. §37-9-59 and order defendants to immediately reinstate

Plaintiff as superintendent of GPSD with full backpay, fringe benefits and other amenities authorized by law;

    B. Award Plaintiff compensatory damages in the amount of $1,000,000.00 against GPSD or by the jury as provided by 42 U.S.C. §1983.

    C. Award Plaintiff punitive damages in the amount of $500,000.00 against each individual defendant for a total award of $1,500,000.00 in punitive damages and a similar amount against any and all unknown persons.

    D. Award Plaintiff compensatory damages in the amount of $3,000,000.00, jointly and severally, against the individually named defendants, Mayes, Milton and Clark, and other unknown persons, for the willful intentional, malicious and premeditated violation of Plaintiff's federal and state protected rights.

    E. Award Plaintiff reasonable attorney's fees and costs;

    F. Order defendants, their successors, agents, representatives and assigns to purge's Plaintiff personnel file of any and all derogatory and false documents; and to provide Plaintiff injunctive relief to protect against future dissemination of such information; and

    G. Award Plaintiff any other or future relief he may be entitled and the Court deems just and proper under 42 U.S.C. §1983.

RESPECTFULLY SUBMITTED, this the 3rd day of May, 2016.

MONTRELLE GREENE

BY: /s/ WILLIE GRIFFIN
WILLIE GRIFFIN, MSB# 5022
**BAILEY & GRIFFIN, P.A.**
POST OFFICE BOX 159
GREENVILLE, MS 38702-0189
TELEPHONE: (662) 335-1966
FACSIMILE: (662) 335-1969
EMAIL: wgriffinlawyer@aol.com