IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MONTRELL GREENE                                           PLAINTIFF

VS.                               CIVIL ACTION NO. 4:16-CV-093-GHD-JMV

GREENWOOD PUBLIC SCHOOL DISTRICT
AND DIERDRE MAYES, RANDY CLARK AND
SAMANTHA MILTON, IN THEIR OFFICIAL
AND INDIVIDUAL CAPACITIES                          DEFENDANTS

## MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff's Complaint should be dismissed because the court lacks jurisdiction and the Complaint fails to state claims upon which relief may be granted. The court lacks jurisdiction over the plaintiff's Complaint because plaintiff did not appeal his termination from Greenwood Public School District ("GPSD") within twenty (20) days as mandated by Miss. Code Ann. § 37-9-113 and plaintiff asserts some claims which are exclusively governed by the Mississippi Tort Claims Act ("MTCA"). Plaintiff's Complaint also fails to state a claim against defendants because plaintiff did not exhaust statutory appeals set forth at Miss. Code Ann. § 37-9-113 or give notice of any tort claims as required by the MTCA. Plaintiff was not entitled to request a hearing under Mississippi statute; Miss. Code Ann. § 37-9-59, as amended, and adequate state law remedies existed for plaintiff to seek redress for his termination including any alleged constitutional violations. Plaintiff's Complaint fails to state a claim that defendants violated his liberty interests because plaintiff has not pled facts to support any alleged false and defamatory or stigmatizing statements; how the statements were publicized or that plaintiff requested a hearing to clear his name. Defendants

Mayes, Clark, and Milton are entitled to qualified immunity from plaintiff's § 1983 claims. Plaintiff's allegations do not demonstrate that Mayes, Clark and Milton violated a clearly established right or that their actions were not objectively reasonable.

Plaintiff filed his Complaint seeking damages for his termination as Superintendent of the GPSD and seeking reinstatement. Plaintiff alleges he was terminated on January 4, 2016. Plaintiff was notified by letter dated January 5, 2016 via hand delivery of his termination as Superintendent. Plaintiff admits he was at the board meeting and was told he was terminated for cause. (Complaint, ¶ 28). Plaintiff alleges due process violations because he was not given a hearing. He further alleges deprivation of liberty interests by creating a defamatory and stigmatizing image of him.

Plaintiff did not pursue an appeal from the decision within twenty (20) days as mandated by Miss. Code Ann. § 37-9-113. The statute provides:

> (1) Any employee aggrieved by a final decision of the school board is entitled to judicial review thereof, as hereinafter provided.
>
> (2) An appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located, by filing a petition with the clerk of that court and executing and filing bond payable to the school board with sufficient sureties, and a penalty of not less than Two Hundred Dollars ($200.00), conditioned upon payment of all costs of appeal within twenty days (20) of receipt of the final decision of the board.
>
> (3) The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was:
>
> > (a) Not supported by any substantial evidence;
> >
> > (b) Arbitrary or capricious; or

        (c)     In violation of some statutory or constitutional right of the employee.

     (4)     No relief shall be granted based upon a court's finding of harmless error by the board in complying with the procedural requirements of Sections 37-9-101 through 37-9-113. However, in the event that there is a finding of prejudicial error in the proceedings, the cause shall be remanded for a rehearing consistent with the findings of the court.

     (5)     Any party aggrieved by action of the chancery court may appeal to the Supreme Court in the manner provided by law.

Plaintiff's remedy for the claims he asserts was by appeal to chancery court. The statute provides the sole avenue of review for an employee aggrieved by a final decision of the school board. *See LaCour v. Claiborne County School District*, 119 So. 3d 1128, 1135 (Miss. Ct. App. 2013) (chancery court lacked jurisdiction to hear original action filed by plaintiff who failed to file appeal).

Plaintiff alleges the defendants deprived him of his due process rights by terminating his employment as Superintendent of GPSD without notice, the opportunity for a hearing or being provided the reasons for termination. Plaintiff's rights to seek redress for these alleged violations are exclusively set forth in Miss. Code Ann. § 37-9-113. Plaintiff failed to follow the prescribed statutory procedures and in an effort to circumvent that failure has filed suit in this Court alleging that his termination without being afforded a hearing violated his due process rights. Plaintiff was not, under Mississippi statute, entitled to a hearing. Miss. Code Ann. § 37-9-59, as amended, specifically states that "Provided, however, that a school superintendent whose employment has been terminated under this section shall not have the right to request a hearing before the school board or a hearing officer." *Id.* Plaintiff's alleged due process violations should have been pursued by an appeal to the chancery court. The chancery court has the authority to fashion a remedy to conform

with due process requirements. *Cowart v. Simpson County School Board*, 818 So. 2d 1176, 1178 (Miss. 2002).

Plaintiff filed a Complaint for Discovery in the Chancery Court of Leflore County on January 13, 2016. He did not file an appeal as required by statute, which the only means to confer jurisdiction. Plaintiff was provided a list of the reasons he was terminated and supporting documentation on March 18, 2016. Further, plaintiff attended the board meeting on January 4, 2016 and was informed of the decision to terminate him for cause at the meeting. (Ex. "D" to plaintiff's Complaint and Complaint, ¶ 28).

Plaintiff's claims including defamation and any claim for tortious breach of contract would fall exclusively under the Mississippi Tort Claims Act ("MTCA"). The claims are either exclusively governed by the MTCA or defendants are immune from the claims under the MTCA. The MTCA is the exclusive remedy for all "claims against a governmental entity." The clear intent of the Legislature in enacting the MTCA was to immunize the state and its political subdivision from any tortious conduct, including tortious breach of . . . contract. *Black v. Ansah*, 876 So. 2d 395, 397 (Miss. Ct. App. 2003).

Plaintiff's claims for defamation and/or malice fail as a matter of law against GPSD. Miss. Code Ann. § 11-46-5(2) provides that " . . . a government entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation. . . ." Miss Code Ann. § 11-46-7(2) contains the same provision. Thus, plaintiff's claims for defamation against GPSD should be dismissed as a matter of law.

Plaintiff did not follow the statutory appeal mandates of Miss. Code Ann. § 37-9-113 to contest his termination and the present action should be dismissed for lack of jurisdiction. Plaintiff's failure to follow the statutory requirements of filing an appeal and bond within twenty (20) days of the board's decision is fatal to this action. *Cowart*, 818 So. 2d 1176 (Miss. 2002). Plaintiff could have appealed the decision to assert that he was denied due process as did the plaintiff in *Bowman v. Ferrell*, 627 So. 2d 335 (Miss. 1993). Ferrell was a teacher who was terminated by school board and appealed to the chancery court pursuant to Miss. Code Ann. § 37-9-113 claiming that she was denied due process. *Id.* at 337. Ferrell argued that her procedural due process rights were violated because she was prevented from telling her side of the story and presenting evidence. *Id.* at 337-38. The Mississippi Supreme Court found that Ferrell's due process rights were violated and that the proper remedy was that the chancery court should have remanded the case for another hearing. *Id.*

Miss. Code Ann. § 37-9-59 was amended in 2014 to no longer afford a school superintendent whose employment was terminated the right to request a hearing before the school board or hearing officer. However, that change by the legislature did not exempt a terminated school superintendent from compliance with the appeal process set forth in Miss. Code Ann. § 37-9-113. Plaintiff erroneously contends that the legislature removed superintendents from the Education Employment Procedure Law ("EEPL"). This is incorrect. Miss. Code Ann. § 37-9-103 **Definitions; applicability of Education Employment Procedures Law** provides:

> (I) As used in Sections 37-9-101 through 37-9-113, the word "employee" shall include:
>
> > (a) Any teacher, principal, superintendent or other professional personnel employed by the local school district . . .

Superintendents were only exempted from the right to request a hearing by the amendments to §§ 37-9-59 and 37-9-111. The legislature did not amend § 37-9-113 providing for judicial review to exempt or otherwise carve out superintendents from that statute which provides:

> (I) Any employee aggrieved by a final decision of a school board is entitled to a judicial review thereof, as hereinafter provided . . .

Miss. Code Ann. § 37-9-103 defines any "employee" to include a superintendent. Thus, superintendents were not removed from the EEPL.

The legislature only amended the statutes to dispense with a superintendent's right to a hearing; however, the legislature did not alter § 37-9-113 setting forth the procedure for an employee including a superintendent aggrieved by a final decision of the school board to seek judicial review. Plaintiff did not follow that procedure and, therefore, this Court lacks jurisdiction over his Complaint.

Miss. Code Ann. § 37-9-113(4) gives the chancery court power to remand a cause for a rehearing if an appeal had been timely filed and was prejudicial error in the proceedings. *Cowart*, 818 So. 2d 1176 (Miss. 2002); *Bowman v. Ferrell*, 627 So. 2d 325 (Miss. 1993). Plaintiff's remedy would have been to appeal, and allege there was prejudicial error in the proceedings for violating his due process right. Miss. Code Ann. § 37-9-113 applies to the termination of a superintendent and plaintiff's failure to file an appeal and bond is fatal to his case.

Miss. Code Ann. § 37-9-59 as amended, specifically eliminated a superintendent's right to request a hearing, which is the procedural due process violation plaintiff claims. GPSD and the individual defendants followed the statute and did not violate a clearly established right.

"The doctrine of qualified immunity protects government officials from suit and liability for civil damages under § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F. Supp. 3d 681, 690 (N.D. Tex. 2014). Once a governmental official asserts qualified immunity, the plaintiff must demonstrate that the official violated a clearly established right. *Id.* Further, even if clearly established, a governmental official cannot be liable for a constitutional violations where his actions were objectively reasonable. *Id.* "The objective reasonableness of allegedly illegal conduct is assessed in light of the legal rules clearly established at the time it was taken." *Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992). Qualified immunity provides "protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Defendants Mayes, Clark and Milton cannot be said to have violated a clearly established right because the statute specifically prohibited plaintiff from requesting a hearing. Their actions were consistent with the statute and were objectively reasonable.

"To state a claim for deprivation of a liberty interest, the plaintiff must allege more than merely the stigma of discharge." *Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2000). To prevail on such a claim, plaintiff must show that (1) he was discharged; (2) stigmatizing charges were made against him in connection with the discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to his discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and (7) the employer refused his request for a hearing. *Xu v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 595 F. App'x 341, 343 (5th Cir. Tex. 2014). Failure to allege any of these elements warrants dismissal of the constitutional claim. *Id.* at 344. *Cf. Caleb v. Grier*, 2015 U.S. Dist. LEXIS 56259 (S.D. Tex. Apr. 29, 2015) (dismissing a due process

claim because plaintiff admitted she never requested a name clearing hearing); *Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012) (dismissing because there was no proof of publication). Further, in order to state a depravation of liberty claim against a governmental official in his individual capacity, the plaintiff must specifically allege each element against the individual (not the group as a whole). *Xu*, 595 F. App'x at 343-44 (citing *Bellard*, 675 F.3d at 463). The court in *Xu* dismissed plaintiff's Complaint for failure to state a claim when she did not allege facts sufficient to support each element. *Xu*, 595 F. App'x at 343-44.

In this case, Plaintiff's Complaint only alleges the general stigma of discharge. Plaintiff's Complaint does not allege facts sufficient to support several elements of his claim. He has not alleged specific facts to show that stigmatizing charges or statements were made in connection with his termination; that any charges or statements were false; that the charges were made public or that plaintiff requested a hearing to clear his name. Plaintiff has failed to state a claim for deprivation of liberty.

Plaintiff's failure to appeal his termination within the statutorily mandated twenty (20) days bars the present action before this Court because it does not have jurisdiction. Any tort claims against defendants are exclusively governed by the MTCA. Plaintiff failed to file the required notice of claim under the MTCA and any tort claims should be dismissed as a matter of law. In addition to the jurisdictional issues, plaintiff's Complaint also fails to state a claim against defendants upon which relief may be granted. The individual defendants are entitled to qualified immunity to plaintiff's § 1983 claims. Plaintiff has failed to plead facts to show any specific defamatory or stigmatizing statements; that the statements were false; that the statement(s) were publicized; and that plaintiff requested a hearing to clear his name. Plaintiff has failed to state a claim against

defendants for violation of due process and deprivation of liberty upon which relief may be granted.

Accordingly, defendants' request that the plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

GREENWOOD PUBLIC SCHOOL DISTRICT, DIERDRE MAYES, RANDY CLARK AND SAMANTHA MILTON, In their Individual and Official Capacities

By:     /s/ Robert F. Stacy, Jr.
        OF COUNSEL

ROBERT F. STACY, JR. - MSB #7764
rstacy@danielcoker.com
PHILIP M. LEVY - MSB #103900
plevy@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
P. O. BOX 1396
OXFORD, MS 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

> Willie Griffin, Esq.
> Bailey & Griffin, P.A.
> P. O. Box 189
> Greenville, MS 38702-0189

/s/Robert F. Stacy, Jr.