**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MONTRELL GREENE**                                                          **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.: 4:16-cv-93-GHD-JMV**

**GREENWOOD PUBLIC SCHOOL DISTRICT,**
**AND DEIRDRE MAYES, RANDY CLARK, AND**
**SAMANTHA MILTON, IN THEIR OFFICIAL**
**OFFICIAL AND INDIVIDUAL CAPACITIES**                      **DEFENDANTS**

**MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR IMMIUNITY AND JURISDICTIONAL**
**DEFENSE RELATED  DISCOVERY**

## I.      Introduction

Plaintiff, Montrell Greene, requests that the Court grant his motion to

conduct limited to Defendants' defenses of qualified immunity and lack of

jurisdictional asserted by Defendants in this case.  Pursuant to L. U. Civ. R 16(a)

(3) (B) "whether to permit discovery on issues related to a motion asserting an

immunity defense or jurisdictional defense is a decision committed to the

discretion of the Court."  Plaintiff for good reasons shown in the motion and in this

memorandum brief requests that the Court grant such discovery.

1

## II.     Statement of the Facts

Plaintiff was employed by Defendant, Greenwood Public School District as Superintendent in April, 2013 under a three (3) year contract (Doc. #1-1, pp. 2-33).  The contract was extended by vote of the Board of Trustees for GPSD in January, 2015 and is scheduled to terminate at the end of the 2017-2018 school year.  *Id.*   Neither of the individual defendants, Milton, Mayes or Clark, was a board member when Plaintiff was initially employed or when his contract was extended in January, 2015.

The Plaintiff was evaluated in December, 2014 and received an extension of his contract in January, 2015.  Defendant Milton, was appointed on the Board when Plaintiff's contract was extended in January, 2015.  However, she was not on the Board when Plaintiff was evaluated in December, 2014.

In or about October, 2015 Defendant Mayes was appointed to the Board.  In December, 2015, Defendant Clark was appointed to the Board.  As alleged in the complaint, (Doc. #1), the individually named Defendants never participated in a Board meeting where Plaintiff's job performance was discussed prior to January 4, 2016, when they called a special meeting for the purpose of terminating his employment and contract.

Plaintiff requested permission to address the Board but was denied the opportunity by Defendants to do so.  On January 5, 2016, Plaintiff received a letter

from the Board attorney informing him that he had been terminated "for cause".

(Doc. # 1-1, p. 33). "For cause" is not one of the statutory grounds for termination

contained in Miss. Code Ann. §37-9-59. [1] Therefore, on January 7, 2016, Plaintiff

requested that Defendants provide the specific reasons for the termination. (Doc.#

7-1). Rather than responding with an open, honest and transparent explanation for

the reason or reasons for Plaintiff's termination defendants authorize their attorney

to deny the request. In the letter (Doc. 7-1) of denial the Board attorney wrote the

following:

> **Please accept this letter as acknowledgement of your letter dated January 11, 2016 in which you request from the Greenwood Public School District (GPSD) additional information concerning Dr. Montrell Greene's termination as superintendent of GPSD.**
>
> **Your letter is interpreted as a discovery request for a matter involving potential litigation. Accordingly, your request, at this time, must be summarily denied.**

The meeting called by Defendants to terminate Plaintiff was attended by

approximately 50 people. Further, the media had been invited and videotaped the

meeting. Hence, Plaintiff's termination was widely publicized by Defendants

instantly resulting in Plaintiff's reputation being defamed and permanently

stigmatizing him as a superintendent.

_____

[1] Miss. Code Ann. §37-9-59 provides in pertinent part authorizes the Board to terminate a certified employee "for incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a student or other good cause…"

Plaintiff's most recent contract extension with GPSD was executed on January 29, 2015. It terminates on June 30, 2018. Therefore, Plaintiff had a clearly established protected property interest in his contract and employment at the time of his termination. The Defendants violated Plaintiff's protected property interest by terminating the contract on January 4, 2016. Further, Plaintiff has a protected property interest in his employment as a certificate employee. Once employed he could only be discharged for the reasons contained in §37-9-59. Miss. Code Ann. §37-9-59 is the only statutory authority to terminate school employees before their contract expires. Defendants were responsible for enforcing said statute. Hence, the new that Plaintiff has a clearly established right under §37-9-59 to be terminated for reasons set in said statute and that "good cause" rather than "cause" is the standard. Furthermore, regardless of the reason, Plaintiff had a protected property interest that may not be terminated without due process of law.

### III.  Argument

The Court has discretion to order discovery related to an immunity or jurisdiction defenses where the Plaintiff's complain shows that Defendants violated a clearly established. *Izen v. Catalina*, 256 F. 3d 324, 330 (5th Cir. 2001). In *Izen v. Catalina*, Plaintiff sued Defendants under the First and Fourteen Amendments alleging malicious prosecution. The Court held that malicious prosecution was a

clearly established tort under state law when the violation occurred. The District Court in *Izen v. Catalina* the District Court denied discovery on the defense of qualified immunity. The Fifth Circuit held that "generally, a court should allow discovery only if it finds that the officer's conduct violated a clearly established right." *Id.*

In the case *sub judice* Plaintiff alleged that Defendants terminated his express contract with GPSD in violation of his due process right under the Fourteenth Amendment and Art. 3, §14 of the Miss. Constitution. (Doc. #1, pp. 6-12, ¶¶19-39). Plaintiff further alleges that Defendants violated his liberty interest by defaming him without due process of law in violation of the Fourteenth Amendment . (Doc. #1, pp. 6-13, ¶¶41-43).

Plaintiff asserts that he had a written contract with GPSD for the period July 1, 2015 – June 30, 2018. Because Plaintiff had an expressed or written contract with GPSD he had an expectation of continued employment. *Mullen v. City of Grenada*, 704 F. Supp. 567, 571 (N. D. Miss. 2010). Further, he could only be terminated under Miss. Code Ann. §37-9-59.

This Court has held that "a protected property interest in employment exists only where the employee has an express or implied right to continued employment." *Ishee v. Moss*, 668, F. Supp. 554, 557 (N.D. Miss. 1987), citing *White v. Miss. State Oil & Gas Bd.*, 650 F. 2d 540, 541 (5th Cir. 1981) and

5

*McElwee v. Todd*, 581 F. 2d 1182, 1183 (5th Cir. 1978). The fact that Plaintiff had a property interest in the contract triggers the requirements for due process. *Mullen v. City of Grenada,* 704 F. Supp. 567, 571 (N. D. Miss. 2010).

The fact that a written or expressed contract creates a protected property interest triggering procedural due process has been settled law for many years. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S. Ct. 1487, 84 L. Ed 2d 494 (1985); *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed 2d 548 (1972). Hence, Plaintiff's right to a procedural due process hearing was clearly established before Defendants voted to terminate his employment on January 4, 2016.

Plaintiff believes that Defendants and others acting in concert with them have information that would show that Defendants´ decision to terminate Plaintiff's employment was not objectively reasonable. Plaintiff sought the before filing suit. Rather than disclose the reasons relied upon to terminate defendants failed and refused to disclose the information. Instead, Defendants stated that the request "is interpreted as a discovery request for a matter involving potential litigation." (Doc. #7-1) Plaintiff had not filed a lawsuit at that time. Defendants are the sole possessors of the information relied on by them to terminate Plaintiff. They now hope to hide behind a defense of qualified immunity. Plaintiff needs discovery related to qualified immunity to respond to the immunity defense.

For the foregoing reasons, Plaintiff requests that the Court authorize discovery related to Defendants' claim of qualified immunity.

RESPECTFULLY SUBMITTED, this the __17th__ day of June, 2016.

> /s/ WILLIE GRIFFIN
> WILLIE GRIFFIN, MSB 5022
> **BAILEY & GRIFFIN, P.A.**
> POST OFFICE BOX 189
> 1001 MAIN STREET
> GREENVILLE, MS 38702
> TELEPHONE (662) 335-1966
>
> ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Willie Griffin, attorney for Respondent, do hereby certify that I have this day, filed electronic the foregoing with the Clerk of Court by using the EFC system, which sent notification of such filing to the following:

> Robert F. Stacy, Jr., Esq.
> Daniel Coker Horton & Bell, P.A.
> P. O. Box 1396
> Oxford, MS 38655-1396

**CERTIFIED,** this __17TH__ day of June, 2016.

> /s WILLIE GRIFFIN
> WILLIE GRIFFIN