# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MONTRELL GREENE                                                                              PLAINTIFF

VS.                                                                      CIVIL ACTION NO. 4:16-CV-93-GHD-JMV

GREENWOOD PUBLIC SCHOOL DISTRICT, et al.                              DEFENDANTS

## ORDER DENYING MOTION FOR LEAVE TO TAKE
## IMMUNITY RELATED DISCOVERY

This matter is before the court on the Plaintiff's Motion for Leave to Take Immunity Related Discovery [7]. For the reasons explained below, the motion will be denied.

This action arises out of the alleged wrongful termination of Plaintiff's contract to serve as a school superintendent. He asserts, insofar as federal claims are concerned, that the termination deprived him of property and liberty interests without due process. On June 6, 2016, all Defendants moved to dismiss this action for lack of subject matter jurisdiction, and the individual Defendants in their individual capacities moved to dismiss on the basis of qualified immunity [3].

Local Uniform Civil Rule 16(b)(3)(B) provides that "[f]iling . . . a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion . . . [is a] decision committed to the discretion of the court."

On June 16, 2016, the Plaintiff filed the instant motion for "leave to take immunity related discovery." Though the Plaintiff's motion is styled as aforesaid and seeks discovery related to qualified immunity, the court notes that buried in the motion is also a request to take discovery relevant to subject matter jurisdiction. Motion for Leave to Take Immunity Related

Discovery [7] at 5. The type of discovery sought by Plaintiff is described vaguely as "written discovery" and depositions of present and former Board members of the Defendant, the interim superintendent of the Defendant school district, and "others who were present at said meeting [where his termination was voted on.]" *Id.* The Plaintiff alleges this discovery will enable him "to ferrett out the true reasons for his termination by the individual Defendants and establish that [the individual Defendants'] actions were not objectively reasonable." *Id.* Further, the Plaintiff contends that this discovery will enable Plaintiff to obtain "facts and evidence solely in the possession of the individual Defendants." *Id.*

The Defendants have opposed the discovery motion arguing that the issue of whether the court has jurisdiction should be decided first. However, that argument, in the court's view, does not entirely resolve the issue of whether any discovery should be permitted since Plaintiff apparently seeks to take discovery related not only to the qualified immunity defense but to the subject matter jurisdiction issue as well.

Nevertheless, the court finds that Plaintiff's motion to take discovery related to the jurisdictional issue—as distinct from the qualified immunity defenses—is wholly unsupported by any facts or argument. Plaintiff has failed to show that discovery of "the true reasons for his termination"—much less the broad sweeping discovery of "other facts and evidence solely in possession of the individual Defendants"—has any relevance to the subject matter jurisdiction issue. That issue is, as the undersigned appreciates it, a purely legal one premised on undisputed facts regarding the procedural process pursued by the Plaintiff following notice of his termination from the position of superintendent. In light of Plaintiff's failure to articulate why and how any of the discovery proposed by him would be relevant on the issue of subject matter jurisdiction presently before the Court, the motion for such discovery will be denied.

For the much the same reason, the request for discovery as concerns the motion to dismiss on the basis of qualified immunity is not well taken. Repeatedly the Fifth Circuit has admonished that qualified "immunity extends beyond a defense to liability to protect government officials from the burdens of litigation, including 'pretrial discovery, which is costly, time-consuming, and intrusive.'" *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). As such, any discovery pertaining to qualified immunity "must be *narrowly tailored* to uncover facts that the court needs to rule on the defense itself." *Waller v. City of Fort Worth*, 2015 WL 5836041, at *3 (N.D. Tex. Oct. 2, 2015) (citing *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). Only if the court identifies any relevant areas of inquiry may the court properly issue a discovery order to address them. *See Waller*, 2015 WL 5836041, at *3; *see also Backe*, 691 F.3d at 648.

Here, the Plaintiff has wholly failed to identify or explain any specific facts it seeks the discovery of that are relevant to the dismissal of his claims on the basis of qualified immunity. Accordingly, the discovery sought by Plaintiff and allegedly related to the qualified immunity motion will not be permitted.

**SO ORDERED**, this the 1st day of July, 2016.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**