IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MONTRELL GREENE                                                                                    PLAINTIFF

VS.                                               CIVIL ACTION NO. 4:16-CV-093-GHD-JMV

GREENWOOD PUBLIC SCHOOL DISTRICT
AND DIERDRE MAYES, RANDY CLARK AND
SAMANTHA MILTON, IN THEIR OFFICIAL
AND INDIVIDUAL CAPACITIES                                                       DEFENDANTS

**DEFENDANTS' REBUTTAL BRIEF IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

### INTRODUCTION

Plaintiff argues in this Response Brief that Defendants' Motion to Dismiss falls short for three reasons: (1) the defendants' jurisdictional argument is barred by collateral estoppel, or, in the alternative, the Court has jurisdiction over plaintiff's claims, (2) he has pleaded a procedural due process property violation sufficient to overcome the defendants' qualified immunity defense, (3) he has pleaded a deprivation of liberty interest claim sufficient to overcome defendants' Motion to Dismiss. These arguments fail for the reasons that follow.

### ARGUMENT

**A.   Whether a Superintended Must Appeal the Board's Decision Pursuant to Miss. Code Ann. § 37-9-113 Was Not Decided by the Chancery Court**

Plaintiff first argues that the defendants' jurisdictional agreement is barred by the doctrine of collateral estoppel. "Collateral estoppel must be applied cautiously on an ad hoc basis." *Marcum v. Mississippi Valley Gas Co.*, 672 So. 2d 730, 733 (Miss. 1996). "[T]he party asserting collateral

estoppel bears the burden of establishing the doctrine's requirement." *Campbell v. City of Indianola*, 117 F. Supp. 3d 854, 864 (N.D. Miss. 2015). Under Mississippi law, the parties are collaterally estopped from relitigating issues that (1) have been actually litigated in a former action, (2) were determined by the court, and (3) were essential to that court's judgment. *Id.* In addition, the parties also have to have the same identity or have been in privity with the former litigants. *Id.* Here, plaintiff's collateral estoppel argument falls short because plaintiff cannot make out the second and third elements. He cannot show that the issue of subject matter jurisdiction was decided by the chancery court or that the application of Miss. Code Ann. § 37-9-113 was essential to the court's decision.

Plaintiff wrongly suggests that the interpretation and application of Miss. Code Ann. § 37-9-113 was decided by the chancery court or essential to its judgment. Plaintiff filed a *complaint for discovery* in chancery court seeking to determine why he was fired from his job. He did not challenge the decision of the Board or seek reversal of that decision. In response, defendants did indeed argue that the Court lacked subject matter jurisdiction over plaintiff's claims because plaintiff failed to pursue his appeal under Miss. Code Ann. § 37-9-113. Plaintiff opposed this argument claiming that the chancery court had jurisdiction to grant plaintiff discovery, regardless of Miss. Code Ann. § 37-9-113. Though the applicability of Miss. Code Ann. § 37-9-113 was contested by the parties, the court intentionally did not determine whether plaintiff was required to perfect his appeal under Miss. Code Ann. § 37-9-113 in order to challenge the Board's decision to dismiss him. The court granted plaintiff's complaint for discovery pursuant to its equitable authority.

In its opinion granting plaintiff's discovery request, the chancery court briefly looked at the applicable statute, and expressly declined to address whether plaintiff was required to perfect his

appeal in that court because, in the court's view, "the legislature has created an unreasonable void between Miss. Code Ann. § 37-9-59, Miss. Code Ann. § 37-9-111(9) and Miss. Code Ann. § 37-9-113." Chancery Court Order at 4, Ex. 1 to Pl.'s Compl. For that reason, the chancery court chose to look to "other equitable solutions" so that plaintiff could be provided the reason for his termination. *Id.* The court did not determine whether it was necessary for plaintiff to appeal the school board's decision in the chancery court. In fact, the court clearly specified that its order requiring defendants to provide plaintiff with the reasons for his termination arose under its equitable power under a bill of discovery. *See id.*

Plaintiff cites *Baxter v. City of Hernando*, 997 F. Supp. 2d 46 (N.D. Miss. 2014) as an instance where collateral estoppel was applied. Collateral estoppel was indeed applied in *Baxter*, but the facts there have no resemblance to the facts here. In *Baxter*, the plaintiff, whose conviction for violating a municipal ordinance was upheld by a county court, actually challenged the constitutionally of the statute and the "the trial judge *determined* that the term 'vehicle' was not unconstitutionally vague in violation of his rights." *Id.* at 464 (emphasis added). Here, there was no determination by the trial judge as to the proper application of Miss. Code Ann. § 37-9-113, and while that issue was actually litigated by the court, application of that statute was not essential to the court's excercise of its equitable powers. The court expressly circumvented the "void" by granting plaintiff relief apart from that statute. Whereas in *Baxter* the previously litigated issue was decided and essential to the state court judgment, here, it was not.

The chancery court's order, then, demonstrates that not only did the court decline to address whether it had the authority to review the Board's decision pursuant to Miss. Code Ann. § 37-9-59, but it intentionally turned to other avenues to grant plaintiff relief—avenues that were available to

it pursuant to its equitable powers. The fact remains that plaintiff had procedural safeguards available to him under Miss. Code Ann. § 37-9-113 but chose to forgo that procedure by seeking discovery in chancery court. Plaintiff is now attempting to bring due process claims in this court without ever having availed himself of the appellate procedure established by the Mississippi Legislature. Plaintiff failed to exhaust his state law remedy, and the Court lacks jurisdiction to review his state law claims. The issue was not decided by the chancery court and plaintiff's argument that collateral estoppel applies is misplaced.

    **B.    Plaintiff Could Have Challenged the Board's Failure to Make a Stenographic Record If He Would Have Appealed as Required by Miss Code Ann. § 37-9-113**

In the alterative, plaintiff argues that Miss. Code Ann. § 37-9-113 does not apply because the Board failed to make a record of the termination proceedings. *See* Pl.'s Mem. Resp. Br. at 8 ("GSPD did not make a stenographic record. . . . [The chancery court] would not have a record. . . . [The Chancery Court further could not determine prejudicial error . . . without a record."). The problem for plaintiff is that he should have appealed this alleged deficiency—if his interpretation of the statute is correct—to the chancery court on appeal, as provided by Miss. Code Ann. § 37-9-113. Plaintiff cannot unilaterally decide to forgo his statutory remedies because he believes the proceedings were deficient. If anything, the appeals process exists to provide remedies to plaintiff where the proceedings are deficient. Whether the Board made a record has nothing to do with the applicability of Miss. Code Ann. § 37-9-113 or the Court's determination of whether it lacks subject matter jurisdiction over the current dispute. The question is whether plaintiff can challenge the proceedings in this Court without having availed himself of the appeals process as required by Mississippi law.

    **C.    The Actions of the Individual School Board Members Were Objectively**

**Reasonable As a Matter of Law**

The doctrine of qualified immunity is only available to individuals sued in their individual capacity. Plaintiff's procedural due process claim, both with respect to his liberty interest and property interest, hinges whether his rights were deprived *without due process*. It is uncontested that, under Mississippi law, the Board was not required to give plaintiff a hearing regarding the reasons for his termination. *See* Miss. Code Ann. § 37-9-111 (9). Plaintiff may disagree with Mississippi Legislature's decision, but the individual defendants' decision to follow Mississippi law was objectively reasonable under the circumstances. *Callahan v. Lancaster-Lebanon Intermediate Unit 13*, 880 F. Supp. 319, 336 (E.D. Pa. 1994) (citing *Caldwell v. LeFaver*, 928 F.2d 331 (9th Cir. 1991) for the legal proposition that "defendants adherence to state statute has bearing on their objective reasonableness"). The individual defendants cannot be held individually liable because they followed a law enacted by the Mississippi Legislature and are therefore entitled to qualified immunity with respect to plaintiff's property interest claims.[1]

**D.     Plaintiff Still Has Not Alleged a Valid Liberty Interest Claim**

Plaintiff's defense of his liberty interest claim repeats the same factual allegations regarding the property interest claim, that is, the new Board terminated his employment quickly and for "cause." These vague allegations are insufficient to allege that he was stigmatized by statements

---

[1] Plaintiff makes much of the fact that the new school board members acted quickly when they were appointed to the board. But the speed with which the Board acted does not mean that plaintiff's job performance was never evaluated. Pursuant to the chancery court's order, plaintiff has subsequently been provided a variety reasons for his termination which relate to his job performance. Those reasons, and the documents supporting them, were produced to plaintiff pursuant to the chancery court's order. The information supports the Board's actions in terminating plaintiff's employment with the school board, and incidently, shows that plaintiff does not have any damages arising out of his procedural due process claim.

made by the Board. In fact, plaintiff's deprivation-of-liberty-interest argument is so deficient that he goes so far as to assert alleged injuries suffered by *his supporters* who were allegedly "publicly harassed, villified and demeaned and board meetings." At most, plaintiff alleges that the press showed up at this termination hearing, without stating what the press learned at the hearing, which individual defendant provided them information, and what information that was reported was false. Plaintiff cannot recover on a liberty interest claim simply because the termination of his employment was made public. *Xu v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 595 F. App'x 341, 343 (5th Cir. Tex. 2014). Plaintiff still has not explained who made stigmatizing statements against him and when. Because plaintiff's complaint has not stated a liberty interest claim with any specificity, it should be dismissed. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999).

### E. Plaintiff Has Conceded Any State Law Claims

Finally, defendants moved for dismissal of any state law claims plaintiff may have asserted. *See* Defs.' Mot. to Dismiss ¶¶ 8-10. In his response, plaintiff fails to mention any state law claims or contest the defendants' request for their dismissal. Failure to challenge the defendants' request for dismissal on those claims is either (1) a concession that he never alleged those claims or (2) constitutes abandonment of those claims.

### CONCLUSION

The Court lacks jurisdiction to hear plaintiff's procedural due process claims because he did not exhaust his remedies pursuant to Miss. Code Ann. § 37-9-113. If the Court finds that it does have jurisdiction, the individual defendants are entitled to qualified immunity as to plaintiff's depravation of property interest claims without due process of law and should completely dismiss

any claims that plaintiff was deprived of his liberty interest without due process of law.

          Respectfully submitted,

          GREENWOOD PUBLIC SCHOOL DISTRICT, DIERDRE MAYES, RANDY CLARK AND SAMANTHA MILTON, In their Individual and Official Capacities

          By:   /s/ Robert F. Stacy, Jr.
                 OF COUNSEL

ROBERT F. STACY, JR. - MSB #7764
rstacy@danielcoker.com
PHILIP M. LEVY - MSB #103900
plevy@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
P. O. BOX 1396
OXFORD, MS 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

    Willie Griffin, Esq.
    Bailey & Griffin, P.A.
    P. O. Box 189
    Greenville, MS 38702-0189

              /s/<u>Robert F. Stacy, Jr.</u>