IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MONTRELL GREENE                                                                  PLAINTIFF

v.                                              CIVIL ACTION NO. 4:16-cv-00093-GHD-JMV

GREENWOOD PUBLIC SCHOOL
DISTRICT, DEIDRE MAYES in Her
Official and Individual Capacity, RANDY
CLARK in His Official and Individual Capacity,
and SAMANTHA MILTON in Her Official and
Individual Capacity                                                              DEFENDANTS

## MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS

Presently before the Court is a motion to dismiss [3] pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure filed by Defendants Greenwood Public School District, Deidre Mayes, Randy Clark, and Samantha Milton. Upon due consideration and for the reasons stated below, the Court finds that the motion to dismiss [3] should be granted.

### *I.    Factual and Procedural Background*

On May 6, 2016, Plaintiff Montrell Greene ("Plaintiff"), former superintendent of Greenwood Public School District ("GPSD"), filed this action against Defendants GPSD, as well as the following members of the Greenwood Public School Board: Deidre Mayes, Randy Clark, and Samantha Milton, in both their individual and official capacities.[1]

Plaintiff asserts the following 42 U.S.C. § 1983 claims: deprivation of liberty and property interests in written employment contract with Defendants in violation of the Due Process Clause of

---

[1] The official-capacity claims against Defendants Mayes, Clark, and Milton constitute claims against GPSD. *See Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

1

the Fourteenth Amendment and possibly civil conspiracy. Plaintiff further asserts the following state-law claims: defamation of character; deprivation of property interest in employment contract with Defendants and without due process of law pursuant to Article 3, § 14 of the Mississippi Constitution; breach of contract; bad-faith breach of contract; and possibly civil conspiracy. Plaintiff seeks a wide range of remedies including compensatory damages, punitive damages, and injunctive relief, including immediate reinstatement of his former position as superintendent of GPSD.

Plaintiff alleges that Defendants violated the Fourteenth Amendment to the United States Constitution and the Mississippi Constitution by intentionally and maliciously depriving him of his property and liberty interest in his employment contract by not allowing a due process hearing prior to Plaintiff's termination as superintendent of GPSD. Plaintiff further alleges deprivation of his liberty interest due to allegedly terminating him in a manner that defamed his character.

In lieu of answering the complaint, Defendants have filed a motion to dismiss [3] under Rule 12(b)(1) and (b)(6) challenging the viability of all claims asserted. Plaintiff has filed a response in opposition, and Defendants have filed a reply. The motion is now ripe for review.

## *II. Analysis and Discussion*

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. App'x 860, 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This " 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.' " *Id.* at 860–61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); accord *Hitt v. City of Pasadena, Tex.*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

Accordingly, the Court first addresses the Rule 12(b)(1) issues and then addresses the Rule 12(b)(6) issues.

A. **Rule 12(b)(1)**

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction. " '[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.' " *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)).

The Fifth Circuit has instructed:

> A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. Thus, under Rule 12(b)(1), the district court can resolve disputed issues of fact to the extent necessary to determine jurisdiction[.]

*Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation marks and citation omitted). In ruling on a Rule 12(b)(1) motion to dismiss, the Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (internal quotation marks and citation omitted).

Pursuant to Rule 12(b)(1), Defendants argue that the Court lacks jurisdiction over the case *sub judice*, because Plaintiff failed to comply with Mississippi Code § 37-9-113 and file a petition

3

for appeal and bond in chancery court within twenty days after receipt of his termination letter.[2] The Court addresses the foregoing arguments in turn.

### 1. Mississippi Code § 37-9-113 and Subject-Matter Jurisdiction

First, Defendants argue under Rule 12(b)(1) that the Court lacks subject-matter jurisdiction of the case *sub judice* due to Plaintiff's failure to comply with Mississippi Code § 37-9-113 and seek judicial review in chancery court.

Plaintiff argues in response that Defendants are collaterally estopped from raising this argument in this Court, as the issue was fully litigated in the proceeding in the Chancery Court of Leflore County and denied by the Chancellor.

Defendants argue in reply that the issue of whether a superintendent must appeal the board's decision pursuant to Mississippi Code § 37-9-113 was not decided by the Chancery Court of Leflore County. Specifically, Defendants maintain that Plaintiff cannot show that collateral estoppel applies and bars their motion to dismiss on this ground because the issue was neither determined by that court nor was essential to that court's judgment. Defendants argue that the case before the chancery court was limited to a complaint for discovery seeking to determine reasons for Plaintiff's termination from his employment as superintendent and did not constitute a challenge to the board's decision or an attempt to seek reversal of that decision. Defendants maintain that the Chancery Court of Leflore County intentionally did not determine whether Plaintiff was required to perfect his appeal under Mississippi Code § 37-9-113 but instead granted Plaintiff's complaint for discovery under its equitable powers. This Court finds Defendants' arguments in this respect to be well taken.

Mississippi Code § 37-9-113 provides in pertinent part:

---

[2] Defendants additionally argue that the individually named Defendants are entitled to qualified immunity; the Court addresses this issue peripherally at the close of its analysis on the Rule 12(b)(6) issues.

4

> (1) Any employee aggrieved by a final decision of the school board is entitled to judicial review thereof, as hereinafter provided.
>
> (2) An appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located, by filing a petition with the clerk of that court and executing and filing bond payable to the school board with sufficient sureties, in the penalty of not less than Two Hundred Dollars ($200.00), conditioned upon the payment of all of the costs of appeal, within twenty (20) days of the receipt of the final decision of the board.
>
> . . .
>
> (5) Any party aggrieved by action of the chancery court may appeal to the Supreme Court in the manner provided by law.

Miss. Code. Ann. § 37-9-113. *See Felder v. Edwards*, No. 3:13CV392TSL-JCG, 2015 WL 11004957, at *8 (S.D. Miss. June 9, 2015); *Ellis v. Tupelo Pub. Sch. Dist.*, No. 1:12-CV-234-SA-DAS, 2014 WL 1285947, at *3 (N.D. Miss. Mar. 31, 2014). The statute further provides in pertinent part that "the scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was: (a) [n]ot supported by any substantial evidence; (b) [a]rbitrary or capricious; or (c) [i]n violation of some statutory or constitutional right of the employee." Miss. Code. Ann. § 37-9-113(3).

To the extent the Chancery Court of Leflore County ruled on the issue of whether Section 37-9-113 applies to Plaintiff as a former superintendent, the chancery court's ruling would have preclusive effect, thereby barring Defendants' argument concerning the same, but only if the issue was (a) fully litigated in that court and (b) if the court's conclusions were essential to its judgment. *See Gammage v. W. Jasper Sch. Bd. of Educ.*, 179 F.3d 952, 955 (5th Cir. 1999).

Upon careful consideration, this Court finds that the issue of whether Mississippi Code § 37-9-113 applies to Plaintiff as a former superintendent was not essential to the chancery court's

judgment, nor was it fully litigated. Plaintiff maintains that he was terminated from his employment as superintendent on January 4, 2016, and that he "was required to seek redress in chancery court to obtain information from Defendants pertaining to the reasons for his termination." *See* Pl.'s Compl. [1] ¶ 5. Plaintiff further maintains that he "filed a Complaint for Discovery . . . in the Chancery Court of Leflore County requesting that the Defendants be required to provide the documents relied on to support the termination." Pl.'s Mem. Br. Supp. Resp. Supp. Opp'n to Defs.' Mot. Dismiss [18] at 4. Plaintiff avers that "[a]fter a hearing, the Chancery Court of Leflore County ordered [D]efendants to produce documentation and reasons for his termination." Pl.'s Compl. [1] ¶ 5. Plaintiff attaches to his complaint in the case *sub judice* the Order and opinion of the Chancery Court of Leflore County dated March 17, 2016, wherein the chancery court granted Plaintiff's request for documentation concerning the termination of his employment. In that opinion and Order, the Chancery Court of Leflore County made certain statements concerning Mississippi Code § 37-9-113, including the following: "[I]t is not clear if the Mississippi [L]egislature still intend[s] for Miss. Code Ann. § 37-9-113 to apply to superintendents"; "[t]he Legislature has created an unreasonable void between Miss. Code Ann. § 37-9-59, Miss. Code Ann. § 37-9-111(9)[,] and Miss. Code Ann. § 37-9-113. Thus, this Court must look to other equitable solutions to ensure that the rights of the common citizens are protected while not diminishing the rules of law which have been set forth by the legislative branch." *See* Leflore Cty. Ch. Ct.'s Order & Op. [1-1] at 3, 4. Subsequently, the chancery court referred to Plaintiff's case as a bill for discovery, found that Plaintiff's request for information supporting the termination decision was reasonable, and noted that "[Plaintiff] could well be subjected to a frivolous lawsuit claim if he goes forth simply guessing at the basis for his termination." *Id.* at 4. That court further discussed expectancy in continued employment and referred to the Due Process

6

Clause of the Fourteenth Amendment to the United States Constitution and Section 14 of the Mississippi Constitution, Article III, as bases for its decision to grant the bill for discovery.

The chancery court examined Mississippi Code § 37-9-113 and certainly seemed to find it unclear in meaning, but ultimately did not interpret its meaning one way or the other and relied on equitable powers to fashion a remedy by granting Plaintiff's request for information concerning the termination of his employment. The issue of whether Section 37-9-113 applied to Plaintiff as a former superintendent was not fully litigated, nor was it essential to the chancery court's decision to grant Plaintiff's limited complaint for discovery. Nothing before this Court demonstrates that Plaintiff ever actually appealed the termination decision to chancery court. For all of the foregoing reasons, this Court finds that collateral estoppel does not bar Defendants' arguments on its present motion to dismiss before this Court concerning Mississippi Code § 37-9-113's judicial review requirement and whether failure to appeal the school board's termination decision to the chancery court is fatal to this Court's subject-matter jurisdiction. Accordingly, the Court now examines that issue.

Plaintiff argues that he is not required to follow the procedure for judicial review in Section 37-9-113, because the Mississippi Legislature no longer intends Section 37-9-113 to apply to superintendents. However, Plaintiff cites no valid authority supporting this contention. The Mississippi Code provides in pertinent part as follows: "As used in Sections 37-9-101 through 37-9-113, the word 'employee' shall include: (a) [a]ny teacher, principal, **superintendent**[,] or other professional personnel employed by the local school district . . . ." Miss. Code Ann. § 37-9-103 (emphasis added). Thus, it is clear that Plaintiff, who is challenging his termination as superintendent, is subject to the judicial procedures provided in Section 37-9-113. *See LaCour v. Claiborne Cty. Sch. Dist.*, 119 So. 3d 1128, 1133 (Miss. Ct. App. 2013) ("The Legislature has

provided, in [S]ection 37-9-113, the procedure for appealing a final decision of a school board . . . ."). "Section 37-9-113(2) also requires appeals of school-board decision[s] to be perfected within twenty days of receipt of the final board decision by filing a petition with the clerk of court and posting a bond of not less than $200." *Id.* at 1133–1134; *see Hodgins v. Philadelphia Pub. Sch. Dist.*, 966 So. 2d 1279, 1281 (Miss. Ct. App. 2007) (recognizing school boards as administrative agencies). The record indicates that Plaintiff opted to file an action in this Court challenging his termination as wrongful and unlawful, but does not support that he ever did so in chancery court as provided by the statute.

However, Plaintiff's apparent failure to file a timely appeal of the termination decision in chancery court is not fatal to this Court's subject-matter jurisdiction. Although not raised by any party in the case *sub judice*, the Court must point out that although Plaintiff "could not properly commence a state court action under [Mississippi Code] § 37–9–59 until [he] had exhausted h[is] state administrative remedies, the [United States] Supreme Court has held that the exhaustion of available state administrative remedies is not a prerequisite to commencement of an action in federal court under [Section] 1983." *Brantley v. Surles*, 718 F.2d 1354, 1360 (5th Cir. 1983) (citing *Patsy v. Bd. of Regents of the State of Fla.*, 457 U.S. 496, 504, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982)). If the plaintiff states a claim under Section 1983, "the federal remedy under [Section] 1983 is available regardless of the availability of an adequate remedy under state law." *Id.* at 1358 (citing *Monroe v. Pape*, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961)).

Because the case *sub judice* is before the Court on the basis of federal question jurisdiction due to Plaintiff's Section 1983 claims, and such claims are properly brought in this Court even if Plaintiff has not exhausted his state administrative remedies, the Court does not lack subject-matter jurisdiction on that basis.

The Court now turns to Defendants' arguments for dismissal on the basis of Rule 12(b)(6).

B. **Rule 12(b)(6)**

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

"[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough

facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

Pursuant to Rule 12(b)(6), Defendants assert the following arguments pertaining to the federal claims: **(1)** Plaintiff's allegation that Defendants are liable for failing to allow Plaintiff a due process hearing fails to state a claim upon which relief may be granted based on Mississippi Code § 37-9-59, which provides that a superintendent whose employment has been terminated may not request a hearing; and **(2)** Plaintiff fails to state a claim for deprivation of his liberty interest because he has not identified any specific false, stigmatizing, or defamatory statements, nor has he demonstrated how the statements were publicized or that he requested a hearing to clear his name.

### 1. Due Process Allegations

First, Defendants argue that Plaintiff's allegations that he was entitled to a due process hearing fail to state a claim, based on Mississippi Code § 37-9-59, which provides that a superintendent whose employment has been terminated may not request a hearing.

Plaintiff alleges in his complaint that he "was not provided any pre-termination hearing or even an audience with [b]oard members before Defendants[] took the extreme and drastic action of terminating him and cancelling his contract." Pl.'s Compl. [1] ¶ 29. Although Plaintiff acknowledges that as a superintendent he has no statutory right to request a hearing based on his termination, *id.* ¶ 32, he nonetheless claims that the individually named Defendants violated his due process rights under the Fourteenth Amendment and Mississippi Constitution by "failing to provide Plaintiff a hearing or the opportunity to present a defense before the [b]oard," *id.* ¶ 36, because GPSD had entered into a valid employment contract with him.

"The Fourteenth Amendment, standing alone, does not create a protectable interest in continued public employment." *See Dearman v. Stone Cty. Sch. Dist.*, 832 F.3d 577, 583 (5th Cir. 2016) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)). "A government employee may, however, possess an interest in continued employment by operation of an employment contract or state law." *Id.*; *see Bishop v. Wood*, 426 U.S. 341, 344, 96 S. Ct. 2074, 48 L. Ed. 2d 684 (1976) ("the sufficiency of the claim of entitlement must be decided by reference to state law"). "Where such an interest in continued employment exists, a public employer may not deprive an employee of continued employment without first providing due process of law." *Dearman*, 832 F.3d at 583.

Dismissal of certificated school employees, including superintendents, is governed by Mississippi Code § 37-9-59. *Tutwiler v. Jones*, 394 So. 2d 1346, 1349 (Miss. 1981); *Crockett v. Bd. of Trs. for Mound Bayou Sch.*, 770 So. 2d 1030, 1032 (Miss. Ct. App. 2000) (citing *Harris v. Canton Separate Pub. Sch. Bd. of Educ.*, 655 So. 2d 898, 901 (Miss. 1995)). Indeed, in the case *sub judice*, Plaintiff references Section 37-9-59 throughout his complaint. *See* Pl.'s Compl. [1] ¶¶ 3, 27, 32. In addition, in Plaintiff's prayer for relief, he requests that the Court "[f]ind that [D]efendants terminated Plaintiff without good cause as required by Miss[issippi] Code Ann[otated] § 37-9-59 . . . ." *See id.* ¶ 67(A). Thus, Plaintiff apparently concedes that his termination is governed by Section 37-9-59. That statute provides in pertinent part:

> For incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause the superintendent of schools may dismiss or suspend any licensed employee in any school district. Before being so dismissed or suspended any licensed employee shall be notified of the charges against him and he shall be advised that he is entitled to a public hearing upon said charges. Provided, however, that a school superintendent whose employment has been terminated under this section shall not have the right to request a hearing before the school board or a hearing officer.

11

Miss. Code. Ann. § 37-9-59.

The Mississippi Supreme Court interpreted earlier versions of Section 37-9-59 to entitle superintendents to the full protection of the statute, including a post-termination hearing—however, with reservations. *See Tutwiler*, 394 So. 2d at 1349 ("We invite the attention of the Mississippi Legislature to this matter so that, if it should see fit to do so, the patent ambiguity now existing may be removed or clarified by further legislation on the subject."); *see also Wilder v. Bd. of Trs. of Hazlehurst City Sch. Dist.*, 969 So. 2d 83, 86 (Miss. Ct. App. 2007).

In 2012, the Mississippi Legislature apparently took up the gauntlet, amending several sections of the Mississippi Code "to delete the right of a terminated or nonrenewed school superintendent to request a hearing before the school board or hearing officer; and for related purposes." Miss. Legis. 440 (2012), 2012 Miss. Laws Ch. 440 (S.B. 2176). These amendments took effect on July 1, 2012. Specifically, the Mississippi Legislature amended Mississippi Code § 37-9-109, which concerns the termination of school employees, to add that "any school superintendent whose employment has been terminated by the school board under Section 37-9-59 . . . shall not have the right to request a hearing before the school board or a hearing officer" and "any school superintendent whose employment has been terminated by the school board under Section 37-9-59 . . . shall not have the right to request a hearing before the school board or a hearing officer[.]" Miss. Code Ann. § 37-9-109(b)–(c), *see* Miss. Legis. 440 (2012), 2012 Miss. Laws Ch. 440 (S.B. 2176).

Further, the Mississippi Legislature amended Mississippi Code § 37-9-59 in pertinent part to add the sentence which appears in boldface below:

> For incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil[,] or other good cause the superintendent of schools may dismiss or suspend any licensed

> employee in any school district. Before being so dismissed or suspended any licensed employee shall be notified of the charges against him and he shall be advised that he is entitled to a public hearing upon said charges. **Provided, however, that a school superintendent whose employment has been terminated under this section shall not have the right to request a hearing before the school board or a hearing officer.**

Miss. Code Ann. § 37-9-59 (emphasis added).

Thus, Plaintiff was not entitled to a hearing concerning his termination under current Mississippi statutory law. Any entitlement to such a hearing would have to stem from a contract or constitutional right.

Any entitlement to a due process hearing stemming from a contract or constitutional right would be based on operation of the subject employment contract between GPSD and Plaintiff, if his job constituted a property interest. *See Harrison Cty. Sch. Bd. v. Morreale*, 538 So. 2d 1196, 1200 (Miss. 1989) (citing *Roth*, 408 U.S. at 576, 92 S. Ct. 2701). "A property interest in one's continued employment exists only when the employee has 'a legitimate claim of entitlement to it.'" *Id.* (quoting *Roth*, 408 U.S. at 577, 92 S. Ct. 2701).

In the case *sub judice*, Plaintiff alleges that GPSD had entered into an employment contract with him as superintendent of schools on April 10, 2013; that on January 20, 2015, the Board of Trustees for GPSD voted to extend the contract through June 30, 2018; and that on January 5, 2016, Plaintiff received a letter from the counsel for GPSD stating that he had been terminated for "cause." *See* Pl.'s Compl. [1] ¶¶ 1, 3. Plaintiff attaches to his complaint his employment contract and termination letter. *See* Emp't Contract [1-1] at 6–7; Am. to Emp't Contract [1-1] at 8–9; Am. to Emp't Contract [1-1] at 12–13; Termination Letter [1-1] at 14.

Plaintiff may allege a property interest in his employment contract that the state could not deprive without affording adequate procedures. *See Simmons v. Humphreys Cty. Sch. Dist.*, 21

F.3d 1108, 1994 WL 171626, at *2 (5th Cir. 1994) (citing *Gen. Elec. v. N.Y. State Dep't of Labor*, 936 F.2d 1448, 1454 (2d Cir. 1991)). However, the statute provides in pertinent part that "[a]ny employee aggrieved by a decision of the school board may then appeal to the chancery court where the lawfulness of the board's decision may be contested on the basis that it was made in violation of some statutory or constitutional right of the employee." Miss. Code Ann. § 37-9-113(3)(c). Because Plaintiff has apparently failed to invoke the procedural process allowed by statute in seeking an appeal of GPSD's decision to the chancery court, this Court finds that he cannot cognizably argue that he has not received adequate due process. *See Rathjen v. Litchfield*, 878 F.2d 836, 839–40 (5th Cir. 1989) (generally "no denial of procedural due process occurs where a person has failed to utilize the state procedures available to him."); *Galloway v. State of Louisiana*, 817 F.2d 1154, 1158 (5th Cir. 1987) ("an employee cannot ignore the process duly extended to him and later complain that he was not accorded due process."); *Ellis*, 2014 WL 1285947, at *7 (same). As Defendants correctly argue, Plaintiff's remedy for any due process deficiency was to appeal to chancery court and allege prejudicial error in the proceedings.

Therefore, for all of the foregoing reasons, Plaintiff fails to state a cognizable claim for violation of due process due to the lack of hearing concerning his termination.

### 2. Liberty Interest on Basis of Defamation

Second, pursuant to Rule 12(b)(6), Defendants argue that Plaintiff fails to state a Due Process Clause claim for deprivation of his liberty interest, because he has not identified any specific false, stigmatizing, or defamatory statements, nor has he demonstrated how the statements were publicized or that he requested a hearing to clear his name.

Plaintiff asserts that his liberty interest was violated, because he was stigmatized by the termination. Specifically, Plaintiff alleges in his complaint that Defendants "knew or should have

known" that the manner of his discharge "would have the purpose, effect[,] and result of stigmatizing him and causing damages to his good name and reputation" and "willfully, intentionally[,] and maliciously carried out the discharge of Plaintiff in a manner they knew would leave a false and defamatory public impression of him and to foreclose him from similar employment opportunities." Pl.'s Compl. [1] ¶ 42. Plaintiff further alleges that as a result of his allegedly unlawful termination "Plaintiff's reputation and good name [have] been severely damaged"; he references "the stigmatization of his good name and reputation by GPSD and the individually named defendants as provided by 42 U.S.C. § 1983." *Id.* ¶ 43. Plaintiff alleges that the discharge itself was the actionable conduct for this claim.

Plaintiff alleges that the discharge consisted of the following. On January 4, 2016, Defendants called a special meeting of the Board of Trustees of Defendant GPSD "for the sole purpose of terminating Plaintiff's employment and his contract." *Id.* ¶ 24. Plaintiff was present at the meeting. *Id.* ¶ 28. Defendants voted 3-1 to terminate Plaintiff from his position as school superintendent. *Id.* ¶ 23. Plaintiff alleges that the decision was wrongful, because "Defendant Clark had not been sworn in and/or procured a performance bond as required by law before taking action as a board member to terminate Plaintiff" and "had not attended a single board meeting or engaged in any dialogue with Plaintiff about his performance before he showed up and voted to terminate Plaintiff . . . ." *Id.* ¶ 25. Plaintiff further alleges that "Defendants Milton, Mayes[,] and Clark voted to terminate Plaintiff without any knowledge of Plaintiff's performance as superintendent, nor had they participated in an evaluation," and that "the information" they relied on "was obtained from sources outside GPSD prior to the January 4, 2016[] meeting." *Id.* ¶ 26. Plaintiff maintains that after the meeting, on January 5, 2016, he was issued a letter through GPSD's attorney stating that the sole reason for the termination decision was "cause," which

Plaintiff maintains is not a valid ground for termination under Mississippi law. *Id.* ¶ 27. Plaintiff further challenges the fact that he did not receive a due process hearing or a meeting with Defendants prior to the termination. *Id.* ¶ 29.

"To state a claim for deprivation of a liberty interest, the plaintiff must allege more than merely the stigma of discharge." *Hughes v. City of Garland, Tex.*, 204 F.3d 223, 226 (5th Cir. 2000). "[M]ere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." *DePree v. Saunders*, 588 F.3d 282, 290 (5th Cir. 2009) (quoting *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 561 n.3 (5th Cir. 2003) (quoting *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 6–7, 123 S. Ct. 1160, 155 L. Ed. 2d 98 (2003) (internal quotation marks omitted)). Instead, to state a claim for deprivation of a liberty interest, Plaintiff must allege the following:

> (1) that [he] was discharged; (2) that stigmatizing charges were made against [him] in connection with the discharge; (3) that the charges were false; (4) that [he] was not provided notice or an opportunity to be heard prior to [his] discharge; (5) that the charges were made public; (6) that [he] requested a hearing to clear [his] name; and (7) that the employer refused [his] request for a hearing.

*See Hughes*, 204 F.3d at 226.

As Defendants correctly argue, Plaintiff has failed to state a Fourteenth Amendment due process claim for violation of a liberty interest, because he only alleges the general stigma of discharge. *See Grey v. Dall. Indep. Sch. Dist.*, 265 F. App'x 342, 347 (5th Cir. 2008) (per curiam) (plaintiff failed to state a claim "that his termination violated his Fourteenth Amendment due process rights because he was a public employee 'terminated for reasons that were false, publicized[,] and stigmatizing.' "); *Finch*, 333 F.3d at 561 n.3 (rejecting a former school principal's claim of a liberty interest in her good name). Plaintiff does not allege facts demonstrating that stigmatizing charges were made against him in connection with his discharge;

in fact, Plaintiff concedes in his response that Defendants "did not make a specific charge or accusation against Plaintiff." *See* Pl.'s Mem. Br. Supp. Resp. Opp'n to Mot. Dismiss [18] at 13. Therefore, he cannot satisfy key elements of his claim, including that stigmatizing charges were made against him in connection with his discharge, that the charges were false, and that the charges were made public. Therefore, Plaintiff's Section 1983 liberty interest claim must be dismissed for failure to state a claim.[3]

### 3. Civil Conspiracy

To the extent Plaintiff has attempted to assert a Section 1983 civil conspiracy claim pursuant to Section 1985, the same must be dismissed for failure to state a claim. Section 1985 was enacted to address race-based animus and has rarely been extended further. *See, e.g., United Bd. of Carpenters and Joiners v. Scott*, 463 U.S. 825, 836, 103 S. Ct. 3352, 77 L. Ed. 2d 1049 (1983) ("[I]t is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against [African-Americans] and those who championed their cause[.]"); *McLellan v. Miss. Power & Light Co.*, 545 F.2d 919, 928-29 (5th Cir. 1977) (instructing courts to exercise restraint when confronted with class-based discrimination grounded in a non-racial animus). A Section 1985(3) class must possess a discrete, insular, and immutable characteristic, such as race, gender, religion, or national origin. *See McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1219 (5th Cir. 1987). To state a cognizable claim under Section 1985(3), Plaintiff must show that "(1) a racial or class-based discriminatory animus lay behind the conspiracy and (2) the conspiracy aimed to violate rights protected against private infringement." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68, 113 S. Ct. 753, 122 L. Ed. 2d 34 (1993)). Plaintiff has not alleged

---

[3] Because Plaintiff does not sufficiently allege any underlying constitutional violation, the Court need not address Defendants' argument pursuant to Rule 12(b)(1) that Defendants Deidre Mayes, Randy Clark, and Samantha Milton are also entitled to qualified immunity on the constitutional claims against them in their individual capacities.

any factual support for such a claim. Thus, to the extent Plaintiff has attempted to assert a Section 1983 claim for civil conspiracy under Section 1985, the same is dismissed for failure to state a claim.

### 4. Supplemental Jurisdiction

Finally, the Court addresses the remaining state-law claims brought by Plaintiff in the case *sub judice*. " 'District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed.' " *Alexander v. State of Mississippi*, 655 F. App'x 989, 993 (5th Cir. 2016) (per curiam) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)).

Factors to consider in the determination of whether to exercise supplemental jurisdiction include the statutory factors set forth in 28 U.S.C. § 1367, as well as "common law factors of judicial economy, convenience, fairness, and comity." *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014) (per curiam) (citing *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009)). However, the " 'general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.' " *United States of Am., ex rel., Jackson v. Univ. of N. Tex.*, No. 16-40332, 2016 WL 7209715, at *3 (5th Cir. Dec. 12, 2016) (per curiam) (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 2007)). "The dismissal of all federal claims provides 'a powerful reason to choose not to continue to exercise jurisdiction.' " *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 201 (5th Cir. 2015) (per curiam) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).

The Court concludes that it should follow the general rule in this case. "Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it 'has dismissed all

claims over which it has original jurisdiction.' " *Heggemeier v. Caldwell County, Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting statute). In the case *sub judice*, the Court has dismissed all federal claims and thus may decline to exercise supplemental jurisdiction based on 28 U.S.C. § 1367(c)(3). Furthermore, this case involves state-law claims pertaining to the termination decision of a school district with respect to a superintendent and involves the statutory law mentioned extensively throughout this opinion. Also, the case involves a procedurally unique situation wherein Plaintiff apparently sought and was granted a limited bill of discovery in chancery court, but did not appeal the school district termination decision to the chancery court, instead opting to collaterally assert those claims in federal court. This case presents novel issues of state law best left to the office of Mississippi chancery courts, who are empowered by Mississippi Code § 37-9-113(2) with judicial review of school board decisions, such as the one at issue in this case.

Accordingly, Plaintiff's state-law claims are dismissed without prejudice to refiling in state court. *See Terry v. Inocencio*, 633 F. App'x 281, 282 (5th Cir. 2016) (per curiam) (citing *Enochs v. Lampasas County, Tex.*, 641 F.3d 155, 161 (5th Cir. 2011)).

### III. Conclusion

In sum, the motion to dismiss [3] filed by Defendants Greenwood Public School District, Deidre Mayes, Randy Clark, and Samantha Milton is GRANTED; the federal claims are DISMISSED on Federal Rule of Civil Procedure 12(b)(6) grounds; the Court declines to exercise supplemental jurisdiction over the pendent state-law claims; any remaining pendent state-law claims are DISMISSED WITHOUT PREJUDICE; and this case is CLOSED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 8th day of February, 2017.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

20