# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI GREENVILLE DIVISION

**MONTRELL GREENE**                                  **PLAINTIFF**

**VS.**                      **CIVIL ACTION NO.: 4:16-cv-93-GHD-JMV**

**GREENWOOD PUBLIC SCHOOL DISTRICT,
AND DEIRDRE MAYES, RANDY CLARK, AND
SAMANTHA MILTON, IN THEIR OFFICIAL
OFFICIAL AND INDIVIDUAL CAPACITIES**         **DEFENDANTS**

## RESPONSE IN OPPOSITION TO MOTION TO STRIKE
### (Points and Authorities Included)

COMES NOW Plaintiff, Montrell Greene, by and through counsel, and files this his response in opposition to Defendants' Motion to Strike and in support hereof would show unto the Court, the following to-wit:

1. That Plaintiff requests that this Court waive the requirement of a Memorandum of law in the filing of this response.[1]

2. That on June 6, 2016, Defendants filed their motion to dismiss [Doc. #3]

---

[1] Plaintiff intends to file a motion to vacate and for reinstatement together with a memorandum brief to support the same no later than June 30, 2018.

pursuant to F. R. C. P. 12(b)(1) and (6), seeking dismissal for (1) lack of jurisdiction pursuant to Miss. Code Ann. §37-9-113[Doc. #3, ¶¶2-5]; (2) failure to state a claim for deprivation of liberty interest [Doc. #3, ¶6]; (3) qualified immunity [Doc. #3, ¶7]; and (4) the Miss. Tort Claims Act [Doc. #3, ¶¶8-9].

    3.  That State law claims were not the subject of a final appealable judgment as the §1983 deprivation of property and liberty were and therefore a motion to strike is premature since the subject matter of the Defendants' motion to strike is not now pending before this Court.

    4.  That the motion to dismiss did not request that the Court dismiss the following claims filed by Plaintiff: (1) that Defendants actions deprived Plaintiff of his property rights under [Complaint, Art. 3, ¶14, Miss. Constitution, in Count IV, [Doc. #1, ¶¶ 50-53]; and (2) breach of contract Complaint, Count VI, Doc.# 1, ¶¶61-63 nor Count V of the Complaint because it specifically contends that Defendants failed to provide Plaintiff a pretermination hearing. [Doc. #1, ¶¶54-56].

    5.  Plaintiff would further show that the pendent state claw claims were dismissed without prejudice and solely because the Court ruled that it lacked jurisdiction to hear Plaintiff's federal claims. [Doc. #21, ¶¶ 18-19]. Further, the Miss. statute of limitations for bringing the state law claims has not run and they can be reinstated as claims before this Court or litigated as separate claims in State

courts.

      6. Plaintiff would show that once that §1983 claim for violation of Plaintiff's due process was reinstated by the Fifth Circuit, the sole claim subject to finality and dismissed by this Court and subject to affirmance by the Fifth Circuit is the remain claim dismissed, with prejudice, *i.e.,* the liberty claim. Plaintiff has the right to requests that this Court use its pendent jurisdiction to append the State law claims to a valid federal claim that arises out of "a common nucleus of operative facts." See, *United Mine Workers of America v. Gibbs*, 383 U. S. 715, 775 (1966).

      7. The §1983 claims now pending before this Court arises out of the same claim or cause of action as the State law claims and the evidence to support the §1983 claim will be the same or substantially the same as that required to prove the State law claims. Further, it is more economical, convenient and fair to litigate the claims in conjunction with the §1983 claim. *Gibbs, Id*.

      WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court deny Defendants' motion to strike as premature, or in the alternative, on grounds that it lacks merit because there has not been a final judgment on said claims.

RESPECTFULLY SUBMITTED, this the  19th  day of June, 2018.

/s/ WILLIE GRIFFIN
WILLIE GRIFFIN, MSB 5022
**BAILEY & GRIFFIN, P.A.**
POST OFFICE BOX 189
1001 MAIN STREET
GREENVILLE, MS 38702
TELEPHONE (662) 335-1966
Email: wgriffinlawyer@aol.com

ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I, Willie Griffin, attorney for Respondent, do hereby certify that I have this day, filed electronic the foregoing with the Clerk of Court by using the EFC system, which sent notification of such filing to the following:

Robert F. Stacy, Jr., Esq.
Daniel Coker Horton & Bell, P.A.
P. O. Box 1396
Oxford, MS  38655-1396

**CERTIFIED,** this  19TH  day of June, 2018.

/s WILLIE GRIFFIN
WILLIE GRIFFIN