UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MONTRELL GREENE                                                      PLAINTIFF

v.                                                         Civil No. 4:16-CV-00093

GREENWOOD PUBLIC SCHOOL DISTRICT, *et al.*                  DEFENDANTS

MEMORANDUM OPINION

This matter is before the Court on the Defendants motion to strike [26] portions of Plaintiff Montrell Greene's complaint.

Greene, a former superintendent of the Greenwood Public School District ("GPSD"), alleges that Defendants impermissibly fired him in violation of the Due Process Clause of the Fourteenth Amendment and state law. Green filed a complaint asserting the following causes of action against the Defendants: a § 1983 claim for deprivation of property interest in his employment contract; a § 1983 claim for deprivation of liberty interest; a § 1985 civil conspiracy claim; and numerous state law claims.

Defendants filed a motion to dismiss. This Court found that Greene had failed to state a claim for any of his federal causes of actions and therefore dismissed them. *See* February 8, 2017 Order, Mem. Op. [20, 21]. The Court declined to exercise supplemental jurisdiction on the state law claims and therefore dismissed those claims without prejudice. *Id.*

Greene appealed. On appeal, Greene challenged only this Court's dismissal of his of property interest due process claim; the Fifth Circuit deemed any other grounds for appeal abandoned. *See Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 n. 1 (5th Cir. 2018). The Fifth Circuit reversed this Court on the property interest due process claim, and affirmed this Court on all other claims. *Id.* at 244.

On remand, Defendants filed this present motion to strike all of the causes of actions in Greene's complaint other than the property interest based due process claim. It is unclear under what theory the Defendants ask the Court to strike (rather than dismiss) portions of the complaint. "Technically, motions to strike are not proper methods of disposing of part or all of a complaint." *Wray v. Edward Blank Assocs., Inc.*, 924 F. Supp. 498, 501 (S.D.N.Y. 1996) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2d ed.1990)). Nonetheless, "courts may treat motions to strike as motions to dismiss". *Id.* Greene's response indicates a dispute between the parties about what causes of actions have been revived by the Fifth Circuit's decision. Thus, the Court will explain the current status of Greene's claims.

This Court's prior order, broadly, did two things: it dismissed all of Greene's federal claims against Defendants because the complaint did not state a claim for relief under federal law; and it dismissed the state law claims without prejudice due to the Court's denial to exercise supplemental jurisdiction over them.

The Fifth Circuit, however, ordered that: "The district court's judgment is REVERSED with respect to Greene's property-based procedural due process claim and AFFIRMED with respect to his other claims." *Greene*, 890 F.3d at 244. The accompanying judgment stated: "It is ordered and adjudged that the judgment of the District Court is reversed, affirmed and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court." USCA Judgement [25].

"The mandate rule requires a district court on remand to effect our mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (quoting *United States v. Castillo*, 179 F.3d 321, 329 (5th Cir. 1999), *rev'd on other grounds*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000). "Because the mandate rule is a corollary of the

law of the case doctrine, it 'compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" *Id.* (quoting *Castillo*, 179 F.3d at 329).

Application of the mandate rule requires this court to vacate its previous order and opinion with respect to the property-based due process claim (Count I). But application of the mandate rule also forecloses revival of Greene's other federal claims because the dismissal of those claims has been affirmed by the Fifth Circuit.

With respect to the pendant state law claims, the Court is of the opinion that those claims currently stand dismissed as well. The Court's prior order dismissed the state law claims without prejudice. The Fifth Circuit's opinion affirmed this Court's dismissal of all claims other than property based due process claim, and thus implicitly (if not explicitly) affirmed the Court's dismissal of the state law claims without prejudice. No part of the Fifth Circuit's mandate requires this Court reinstate the state law claims, Greene has not asked this Court to vacate its prior order dismissing those claims, and Greene has not filed any amended complaint reasserting those claims. Accordingly, this Court's prior order still stands with respect to dismissing the state law claims without prejudice.

Defendants' motion seeks to dismiss all claims other than Greene's property interest based due process claim. Because all of those claims have already been dismissed, either with or without prejudice, the motion is moot. Accordingly, it is denied.

A separate order shall issue.

This the 5 day of November, 2018.

*[signature]*
SENIOR U.S. DISTRICT JUDGE

3