UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MONTRELL GREENE                                              PLAINTIFFS

v.                                              Civil No. 4:16-cv-00093-GHD-JMV

GREENWOOD PUBLIC SCHOOL
DISTRICT, *et al.*                                            DEFENDANTS

## MEMORANDUM OPINION

Randy Clark, Deirdre Mayes, and Samantha Milton, three members of the Greenwood Public School District Board of Trustees, voted successfully to terminate Montrell Greene from his job as superintendent of the GPSD. They did not provide him with a hearing before doing so. Greene sued the GPSD, Clark, Mayes, and Milton for depriving him of a vested property interest in his employment contract without due process.

The Court today takes up numerous motions filed by the parties: Greene's motion for partial summary judgment [89], all defendants' motion for summary judgment [91], Clark, Mayes, and Milton's motion for summary judgment [93], Greene's cross motion for partial summary judgment on the validity of extensions in his employment contract [100], and the defendants' motion to strike [105] Greene's cross motion. Despite the number of motions, the questions they present are simple. The Court must determine if there are genuine issues of material about:

1. Whether Greene had a vested property interest in an employment contract and its extensions at the time the GPSD terminated him;

2. Whether an official policy of the GPSD was the moving force behind Greene's termination without a hearing; and

3. Whether Clark, Mayes, and Milton are entitled to qualified immunity because they reasonably relied on Mississippi law to terminate Greene without first giving him a hearing.

1

For the reasons set forth below, the Court finds it clear that Greene possessed a vested interest in his employment agreement, that the GPSD's official acts caused Greene's constitutional injury; and that Clark, Mayes, and Milton are not entitled to qualified immunity. The Court therefore grants summary judgment on the issue of liability in favor of Greene, and denies the Defendants' motions for summary judgment and to strike.

## Background

### I. Factual Background

On April 10, 2013, the GPSD and Greene entered into an employment agreement for Greene to be the Superintendent of Schools. *See* Contract, [1-1] at 6.[1] The contract initially ran for a term of three years, terminating on June 30, 2016. *Id.* The contract provided that the term would extend automatically for one year if Greene received satisfactory performance evaluations. *Id.*

On February 6, 2014, the GPSD Board of Trustees voted to extend Greene's contract for one year. February 6, 2014, Minutes [91-1] at 1. Green and the GPSD formally executed an amendment extending the contract term to June 30, 2016, on October 17, 2014. Amendment to Contract [91-2]. On January 27, 2015, the GPSD again voted to extend Greene's contract by a year, and formally executed that amendment on January 29, 2015. January 27, 2015, Minutes [92-3] at 3; Amendment to Contract [92-4].

The GPSD Board of Trustees experienced a change in membership between January 2015 and January 2016. On January 4, 2016 the board was composed of Clark, Mayes, and Milton, and non-party George Ellis. Clark, Mayes, and Milton called for a special session of the Board of Trustees that day. The notice of the special session did not specifically state

---

[1] The Court directs Greene's counsel to L.U.Civ. R. 7(b)(2) which requires that counsel file all exhibits to pleading as separate attachments. Greene's counsel filed eight separate exhibits to his motion for summary judgment as one attachment. The Court likewise directs *all* counsel to the part of the rule that provides that "All supporting exhibits must be denominated in the court's electronic filing system by both an exhibit letter or number *and a meaningful description.*" Several pleadings filed by both sides do not to comply with this rule.

2

that the Board was considering Greene's termination but only that the Board would discuss "Personnel Matters." Notice [89-1] at 5. Although Greene was present at the meeting, there is no evidence to suggest he was aware his termination was being considered. The parties have not provided the minutes from the session to the Court.

The Board went into a private executive session, at which Greene was not present, and immediately began discussing him. George Ellis Depo. [89-3] at 39. Ellis and the school board attorney recommended bringing Greene into the executive session, but the other members declined. *Id* at 46; Randy Clark Depo. [89-2] at 61–62. Clark, Mayes, and Milton voted to terminate Greene. The Board exited the executive session and informed Greene that he had been terminated, effective immediately. Greene asked whether he could address the board, and Mayes told him he could not. Ellis Depo. at 47. Greene did not appeal the Board's decision to chancery court.

## II. Procedural Background

Greene brought this suit against the GPSD and the Board members who voted to terminate him alleging, among other things, that the Board terminated him without providing him a pre-termination hearing in violation of his 14th Amendment due process rights.

The defendants moved to dismiss for failure to state a claim, arguing in part, that because Greene failed to take an appeal to chancery court for the Board's action under Miss. Code Ann. § 37-9-113, he had not made a claim that defendants violated his due process rights. This court agreed and granted defendants' motion on February 8, 2017. Greene appealed.

The Fifth Circuit reversed. *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, (5th Cir. 2018). The court held that under the facts of the complaint, Greene's failure to appeal was irrelevant to his pre-termination claim. *Id.* at 243 ("The Fourteenth Amendment entitled him to a hearing *before* he was terminated.") Because Greene alleged that he possessed a vested contract interest and that the defendants did not give him a hearing before

3

terminating him, he had stated a valid procedural due process claim. The Fifth Circuit remanded to this Court for further proceedings.

## Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action'." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir.

2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Analysis

### I. The Cross-Motion for Summary Judgment and Motion to Strike

Greene filed his motion for summary judgment on liability. The defendants also filed a motion for summary judgment, asking the Court to find that Greene had no property interest in either his contract extensions at the time of his firing. Greene then filed a cross-motion for summary judgment, asking the Court to find that he did have an interest in his contract extensions. The defendants filed a motion to strike the cross-motion, arguing that it was improperly made after the dispositive motion's deadline.

Although Greene titled it as a cross-motion for summary judgment and docketed it as a motion, in substance the motion is just further argument in favor of his motion for summary judgment. Moreover, it is repetitive. For the Court to grant Greene's first motion, it must find there are no genuine issues of material fact that he had a vested property interest in his employment contract at the time he was terminated. If the extensions are valid, they are a part of the contract in which he has an interest. For that reason, the Court the motion to strike.

### II. The Remaining Motions for Summary Judgment

The Fourteenth Amendment prohibits states from depriving its citizens of life, liberty, or property without due process of law. U.S. Const. amend XIV. Greene contends that there is no material factual dispute that he possesses a property interest in his employment contract and amendments and that the defendants terminated that interest without first giving him a hearing. The defendants argue that Greene undisputedly did not have a property

interest in the extensions to his contract, and that Clarke, Mayes, and Milton are entitled to qualified immunity.

"The first inquiry in every due process challenge is whether the plaintiff has been deprived of a [constitutionally] protected interest in 'property' or 'liberty.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 989, 143 L.Ed.2d 130 (1999). Protected property interests derive "from an independent source such as state law, a contract, or other 'understandings.'" *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) (quoting *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988)).

Greene undoubtedly had a property interest in his employment based on the initial contract whose term ran through June 30, 2016. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1530 (5th Cir.1993) ("[A] teacher employed under the terms of a fixed term contract as defined by [state law] has a constitutionally protected property interest in employment until the term of the contract has expired.") The question that does remain is what date the contract would have expired but for Greene's termination. Mississippi law requires, in most instances, that contracts with municipalities be recorded in the minutes of the relevant governing body. The defendants argue that the contract extensions were not recorded in the minutes with the requisite detail to be enforceable. But it is neither useful nor correct to frame the question as whether Greene has a property interest arising from those extensions. He has an interest in the contract that was in force at the time he was fired.

And in any case, there is no genuine dispute that the extensions were properly recorded "[P]ublic boards speak only through their minutes and that their acts are evidenced solely by entries on their minutes." *KPMG, LLP v. Singing River Health Sys.*, __ So. 3d __ No. 2017-CA-01047-SCT, 2018 WL 5291088, at *5 (Miss. Oct. 25, 2018). "[W]here a public board engages in business with another entity, '[n]o contract can be implied or presumed, it must be stated in express terms and recorded on the official minutes and the action of the board [.]'" *Wellness, Inc. v. Pearl River Cty. Hosp.*, 178 So. 3d 1287, 1291 (Miss. 2015) (quoting *Burt v. Calhoun*, 231 So.2d 496, 499 (Miss. 1970)). While the entire contract need

6

not be entered into the minutes, "enough of the terms and conditions of the contract [must be] contained in the minutes for determination of the liabilities and obligations of the contracting parties without the necessity of resorting to other evidence." *Thompson v. Jones Cty. Cmty. Hosp.*, 352 So. 2d 795, 797 (Miss. 1977).

In *KPMG*, the defendant accounting firm engaged to perform audit services for the plaintiff hospital between the years 2008 and 2012. 2018 WL 5291088, at *1–4. Each year, KPMG sent engagement letters to the hospital board for approval. *Id.* Although in each year, the hospital board voted to engage KPMG to perform audits, in no year did the minutes reflect a single term of any agreement between the board and KPMG. *Id.* at *7–8. The Mississippi Supreme Court, therefore, held that the minutes did not reflect enough the terms of the agreement to be binding upon the board. *Id.*

Defendants assert that under *KPMG*, Greene's contract extensions were not properly recorded in the minutes to make them enforceable. In *KPMG*, however, each proposal letter constituted a new agreement. Here, instead, are extensions to Greene's employment contract, and it is undisputed that Greene's employment contract was recorded within the minutes. Both the February 6, 2014, and January 25, 2015, minutes reflect that the board agreed to extend the term of Greene's employment contract by one year. Anyone looking at the minutes could ascertain the terms of and conditions of Greene's original agreement, and that the board agreed to extend its duration by one year twice. Thus, the extensions are enforceable.

Next, the Court considers whether there are genuine issues of fact about whether the defendants gave Greene constitutionally-adequate due process before firing him. There is no such dispute. The Fifth Circuit has already said, in this very case, that "at a minimum . . . an employee facing termination must be given 'notice and an opportunity to respond' *before* the termination takes effect." *Greene*, 890 F.3d at 242 (emphasis in original) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). There is no evidence showing that Greene had notice that his

7

termination would be discussed at the board meeting. Further, the evidence establishes that Greene's termination was decided upon in a closed-session meeting, in which Greene was not present. Mayes told Greene directly that he would not have an opportunity to speak to the Board of Trustees about his termination, and she stated this *after* the Board's vote. Clark stated that he had no need to hear from Greene. The defendants do not dispute that they voted to fire Greene without hearing from him.

Further, the Court is bound by the law of the case doctrine to hold that Greene's rights were violated. "The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.' " *United States v. Castillo,* 179 F.3d 321, 326 (5th Cir.1999), *rev'd on other grounds,* 530 U.S. 120, 120 S. Ct. 2090, 147 L.Ed.2d 94 (2000) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L.Ed.2d 318 (1983)). In the earlier appeal in this case, the Fifth Circuit held that the facts relating to Greene's hearing and termination sufficiently stated a constitutional violation. No evidence has raised a factual dispute as to those allegations. Accordingly, there is no dispute that Clark, Mayes, and Milton deprived Greene of his vested interest in continued employment in violation of the Due Process Clause.

Clark, Mayes, and Milton argue that they are entitled to qualified immunity because it was reasonable to believe that Mississippi law prohibited them from giving Greene a hearing. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson,* 659 F.3d 359, 370 (5th Cir. 2011) (en banc). "[A] plaintiff seeking to defeat qualified immunity must show: '(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.' " *Id.* (quoting *Ashcroft v. al-Kidd,* 563 U.S. 731, 735, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011)).

The Court has already determined that the defendants violated Greene's due process rights. The Court turns to the second question: whether Greene's right to a pre-termination hearing was clearly established at the time. "This inquiry turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" *Pearson v. Callahan*, 555 U.S. 223, 244, 129 S. Ct. 808, 822, 172 L. Ed. 2d 565 (2009) (quoting *Wilson v. Layne*, 526 U.S. 603, 614, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)).

Miss. Code Ann. § 37-9-59 states that "[A] school superintendent whose employment has been terminated under this section shall not have the right to request a hearing before the school board or a hearing officer." Clark, Mayes, and Milton contend that until the Fifth Circuit's opinion in this case, it appeared that this provision prohibited them from giving Greene a pre-termination hearing.

As the Fifth Circuit already stated, that reading is plainly wrong. *See Greene*, 890 F.3d at 244. The statute does not prohibit the board from providing a superintendent with a *pre-termination* hearing; it only limits the ability of the superintendent to request as a matter of right a *post-termination* hearing.

Moreover, Clark, Mayes, and Milton's argument misrepresents the relevant standards of the qualified immunity doctrine. It is the contours of the *federal* right that must be clearly established. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982) ("[G]overnment officials . . . are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or *constitutional* rights of which a reasonable person would have known.") (emphasis added). And few rights are so clearly established as the one at issue here: a public employee with a vested interest in continued employment is entitled to a pre-termination hearing with an opportunity to respond. *Loudermill*, 470 U.S. at 546, 105 S. Ct. 1487. Government actors cannot obtain qualified immunity by clinging to an interpretation of state law that obviously violates clearly established constitutional law. *See Greene*, 890 F.3d at 244 ("The Fourteenth

Amendment required Defendants to afford Greene a pre-termination hearing; a state law prohibiting such a hearing would not diminish Greene's rights under federal law."); *see also Vitek v. Jones*, 445 U.S. 480, 491, 100 S. Ct. 1254, 1263, 63 L. Ed. 2d 552 (1980) ("These minimum [due process] requirements being a matter of federal law, they are not diminished by the fact that the State may have specified its own procedures that it may deem adequate for determining the preconditions to adverse official action.")

Accordingly, the Court finds there are no genuine issues of material fact that defendants Clark, Mayes, and Milton violated Greene's procedural due process rights and that qualified immunity does not apply to their actions. The Court, therefore, grants summary judgment on the issue of liability in favor of Greene against them.

The court turns to the GPSD's municipal liability. There is no vicarious liability under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). To hold a municipal entity liable under § 1983, the plaintiff must show "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur." *Id.* (citing *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir.1998).

The Board of Trustees is the governing body of the Greenwood Public School District. Miss. Code Ann. § 37-6-7. The parties' arguments center on the school board's promulgated dismissal policy, which provides that a superintendent terminated under Miss. Code Ann. § 37-9-57 shall not have the right to request a hearing. *See* Policy [98-1] at 1.

These arguments miss the mark. A "policy" necessary to impose municipal liability need not be a literal "policy." It may also be a "decision that is officially adopted . . . by the municipality's lawmaking officers . . . ." *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). Here, there is not merely a "policy" promulgated by the Board of Trustees. There is an *actual act* the Board of Trustees committed: it terminated Greene before it provided him

a hearing. And plainly this act was the moving force behind the violation of Greene's due process rights because the act *was* the violation. The GPSD's liability is clear. The Court grants summary judgment on liability in favor of Greene against the GPSD.

## Conclusion

For these reasons, the Court finds there are no genuine issues of material fact that (1) Greene possessed a constitutionally protected property interest in his continued employment with the GPSD under the terms of his in-force contract; (2) the GPSD, through its Board of Trustees members, Randy Clark, Deirdre Mayes, and Samantha Milton, deprived Greene of that property interest without due process; and (3) Clark, Mayes, and Milton are not entitled to qualified immunity. Therefore, the Court grants Greene's motion for summary judgment with respect to liability and denies the defendants' motions for summary judgment. The case will proceed to trial on damages arising from the deprivation of Greene's pre-termination hearing rights.

SO ORDERED, this, the 22nd day of April 2019.

_____
SENIOR U.S. DISTRICT JUDGE